IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFFICE DEPOT, INC., | No. C 06-80356 SI |
| Plaintiff, | **ORDER DENYING EX PARTE APPLICATION FOR TURNOVER ORDER** |
| v. | |
| JOHN ZUCCARINI, et al., | |
| Defendants. / | |
| DS HOLDINGS, LLC | |
| Assignee | |
| v. | |
| JOHN ZUCCARINI, et al., | |
| Defendants. / | |

Assignee DS Holdings, LLC ("DS Holdings") has filed an ex parte application for a turnover order requiring third parties in control of internet domain names owned by judgment debtor John Zuccarini to transfer those domain names to DS holdings so that they may be auctioned off to satisfy the judgment. For the following reasons, the Court DENIES DS Holdings' application.

**BACKGROUND**

On December 14, 2000, the District Court for the Central District of California entered a judgment for Office Depot as judgment creditor, against Zuccarini individually and d.b.a. "Country Walk," in the amount of $100,000 with an additional $5,600 due in attorney's fees. Office Depot

subsequently assigned the right to receive all payments, including interest, to DS Holdings. On December 19, 2006, this Court issued a Writ of Execution of Judgment, pursuant to California Code of Civil Procedure section 699.510, for the recovery of Zuccarini's outstanding debt. On February 20, 2006, this Court issued an order requiring the production and preservation of documents relating to Zuccarini's substantial domain name portfolio. In March 2007, this Court denied, as procedurally improper, a request by DS Holdings to add pseudonyms used by Zuccarini to the Writ of Execution of Judgment.

DS Holdings now seeks a turnover order from the Court requiring third-party domain name "registrars" to turn over internet domain names owned by Zuccarini, so that the domain names can be auctioned off to satisfy the judgment.

## LEGAL STANDARD

California Code of Civil Procedure section 699.040, entitled "Turnover order in aid of execution," provides in pertinent part:

> (a) If a writ of execution is issued, the judgment creditor may apply to the court ex parte, or on noticed motion if the court so directs or a court rule so requires, for an order directing the judgment debtor to transfer to the levying officer either or both of the following:
>
> (1) Possession of the property sought to be levied upon if the property is sought to be levied upon by taking it into custody.
>
> . . . .
>
> (b) The court may issue an order pursuant to this section upon a showing of need for the order.

Cal. Code Civ. P. § 699.040.

## DISCUSSION

It appears that DS Holding's proposed turnover order is not authorized by the California Code of Civil Procedure. As discussed above, section 699.040 provides for a turnover order that requires "*the judgment debtor* to transfer to the levying officer" the property sought. *Id.* (emphasis added). Here, in contrast, DS Holdings seeks a turnover order requiring *third parties* to transfer the property sought. The

Court finds no authority allowing it to issue such an order.

Section 701.010 of the Code establishes the procedures for levying property "in the possession or under the control of" a third person. *See* Cal. Code Civ. P. § 701.010(b)(1). That section does not provide for issuance of a turnover order. It therefore appears that the Court's intervention, in the manner sought by DS Holdings, is not appropriate.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES DS Holdings's application for turnover order. [Docket No. 14]

**IT IS SO ORDERED.**

Dated: May 15, 2007

SUSAN ILLSTON
United States District Judge