**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158

Attorneys for Assignee DS HOLDINGS, LLC

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OFFICE DEPOT, INC.,** a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C-06-80356-Misc.<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR APPIONTMENT OF RECEIVER**<br><br>DATE:   July 27, 2007<br>TIME:    9:00 a.m.<br>PLACE:  Courtoom 10, 19th Floor<br> The Honorable Susan Illston |
| **DS HOLDINGS, LLC,** a Colorado limited liability company,<br><br>Assignee,<br><br>vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>Defendants. | |

*(sidebar, vertical text)* KRONENBERGER BURGOYNE, LLP  150 Post Street, Suite 520  San Francisco, CA 94108  www.KronenbergerLaw.com

Case No. C-06-80356-Misc.

**MPA ISO OF APPLICATION FOR APPOINTMENT OF RECEIVER**

1

2

### I.   INTRODUCTION

Judgment Creditor DS Holdings, LLC ("DS Holdings") hereby submits the following memorandum of points and authorities in support of its application to appoint a post-judgment receiver (the "Application").  The purpose of the Application is to provide a method for DS Holdings to obtain fair and orderly satisfaction of its judgment.  The appointment of a receiver will provide third party domain name registrars with a method to transfer judgment debtor John Zuccarini's ("Zuccarini") domain name registrations to the receiver to sell at a public auction for the exclusive benefit of DS Holdings.

Zuccarini, a felon convicted of domain name-related fraud and child pornography, has for years evaded efforts to collect multiple civil judgments against him, despite the fact he holds a domain name portfolio estimated by a federal judge to contain thousands of domain names.  As the Ninth Circuit has observed, under California law, domain names constitute personal property, and valuable personal property at that.  DS Holdings seeks to transfer Zuccarini's domain name holdings to a receiver so that they—like automobiles or artwork or fine household furnishings—can be sold at public auction to satisfy DS Holdings' Judgment against Zuccarini.

California law does not require a judgment holder, such as DS Holdings, to seek court intervention or even to give notice before levying upon a judgment debtor's personal property.  However, DS Holdings has found itself handicapped in its collection efforts, both by the unusual nature of the personal property at issue—*i.e.* domain name registrations—and by the reluctance of third party domain name registrars to transfer levied upon domain names absent clearly set forth court procedures.

In order to identify Zuccarini's domain name registrations, DS Holdings previously obtained from the Court an Interim Order requiring Zuccarini and independent domain name registrars to produce documents sufficient to evidence the domain name registrations held by Zuccarini.  Through this process, DS Holdings has been able to identify a set of domain name registrations held by Zuccarini—though still

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

a small-subset of what is believed to be Zuccarini's total holdings.  DS Holdings now seeks the appointment of a receiver, to whom the domain names at issue may be transferred, for sale by public auction.

The operative statutory language, California Code of Civil Procedure Section 708.620, authorizes the Court to appoint a receiver to enforce a judgment where, considering the interests of both the judgment debtor and judgment receiver, the appointment of a receiver is a reasonable method to obtain the fair and orderly satisfaction of the judgment.  Given the unusual nature of domain names, the potential for Zuccarini to dispose of his domain name registrations, and the reluctance of registrars to transfer domain names absent a clearly defined, court-ordered procedure, a need exists for the appointment of a receiver.  Through this Application, DS Holdings seeks the appointment of Michael W. Blacksburg as the receiver for Zuccarini's domain name holdings, to carry out the sale of these domain names by public auction, in order to satisfy DS Holdings' judgment.

## II.  FACTUAL BACKGROUND

### A.  The Judgment Against Zuccarini.

Applicant, DS Holdings is the assignee of a six-year-old federal court Judgment in favor of Plaintiff Office Depot, Inc. and against Zuccarini.  (Kronenberger Decl. ¶¶2-4.) As established by the Writ of Execution entered against Zuccarini on December 19, 2006 (the "Writ"), the Judgment, including interest and attorney's fees, is worth more than $169,133.  (*Id.* ¶4.)  In the more than six years since the Judgment was entered, Office Depot has been unable to collect a cent from Zuccarini, primarily because it has experienced great difficulty identifying Zuccarini's assets that might be levied upon to fulfill the Judgment against him.  (*Id.* ¶5.)

### B.  Zuccarini's Criminal History.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

Following entry of the Judgment, Zuccarini was convicted of a felony arising directly from his fraudulent misuse of his domain name holdings. (Kronenberger Decl. ¶6 & Ex. B.)  On December 10, 2003, Zuccarini pleaded guilty to violations of the federal Truth in Domain Names Act, 18 U.S.C. §2252B(b), and to possession of child pornography in violation of 18 U.S.C. Section 2252A(a)(5)(B). (*Id*.)  As a result of those convictions, Zuccarini was sentenced on February 26, 2004, to thirty months in prison. (*Id*. ¶6 & Ex. B.)

### C. Domain Name Registrations.

The official registry for all .com and .net domain names is Verisign, Inc. ("Verisign"), which is located in the Northern District of California (the "District"). (Kronenberger Decl. ¶7.)  Verisign derives its authority from a contract with the nonprofit Internet Corporation for Assigned Names and Numbers ("ICANN"), which oversees Internet operations on behalf of the U.S. government.  (*Id*.)  As the official registry, Verisign has ultimate authority and control over the ownership and registration of .com and .net domain names, regardless of whether a domain name registrar is located in another jurisdiction or altogether outside the United States. (*Id*.)

To assist Verisign with the day-to-day registration of domain names, ICANN contracts with multiple independent domain name registrars. (Kronenberger Decl. ¶8.) These independent registrars coordinate with Verisign in maintaining Verisign's central domain name registry. (*Id*.)  Among other tasks, independent registrars are responsible for maintaining detailed records concerning the ownership and registration of every domain name registered through their systems. (*Id*. ¶¶8-9.)  Nonetheless, control of the domain names remains in the hands of the registry. (*Id*. ¶8.)

Domain name ownership and registration records are public information. Accordingly, and as required by ICANN, each independent registrar maintains a publicly accessible "WHOIS" database containing the full ownership and registration record for every domain name they register.  (Kronenberger Decl. ¶9.)  As a practical matter,

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

however, public access to ownership and registration information is limited in that most independent registrars permit the public to search their WHOIS databases *only* by domain name (*i.e.* searches by registered owner or email address are prohibited).  (*Id.* ¶10.)  As a result, WHOIS databases are of little use to judgment creditors, like DS Holdings, which seek to identify the domain name registrations held by others.  (*Id.* ¶10.)

**D.  Zuccarini's Domain Name Registrations.**

Zuccarini has admitted that he owns thousands of domain name registrations. *See Shields v. Zuccarini*, 254 F.3d 476, 485, n.5 (3d Cir. 2001).  Nonetheless, because of the unusual nature of domain names, discussed above, DS Holdings found itself handicapped in its ability to identify Zuccarini's specific domain name registrations and collect on its Judgment.  Accordingly, on February 20, 2007 DS Holdings sought, and this Court ordered Zuccarini and any independent domain name registrars to produce documents sufficient to evidence all of the domain name registrations owned by Zuccarini.  (*Id.* ¶13.)

In response to this Order, Zuccarini and the third party registrars identified 248 domain name registrations held by Zucarrini, and their respective registrars. (Kronenberger Decl. ¶¶23-28 & Ex. N.)  Of these 248 domain name registrations:

- 90 are registered through Network Solution, LLC ("Network Solutions"), located at:
    - 13861 Sunrise Valley Drive, Suite 300
      Herndon, Virginia 20171

- 27 are registered through Computer Services Langenback GmbH *dba* Joker.com ("Joker.com"), located at:
    - Hansaallee 191-193
      40549 Duesseldorf
      Germany

- 28 are registered through Enom, Inc., locate at:
    - 15801 NE 24th Street
      Bellevue, Washington 98006

- 93 are registered through Key-Systems GmbH, located at:

Case No. C-06-80356-Misc.        4        **MPA ISO OF APPLICATION FOR
APPOINTMENT OF RECEIVER**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

- o   Prager Ring 4-12
     D-66450 Zweibrucken
     Germany

- 10 are registered through I.D.R. Internet Domain Registry Ltd., located at:

  - o   45 Katznelson
       Kfar Saba, 44405
       Israel (*Id.*)

### E.  Transfer Of Domain Names

Because domain name registrations are a form of intangible property, the process of transferring the registrations is different from transferring tangible personal property, such as a car or piece of art.  One way in which a domain name registrant can transfer a domain name is by first updating the WHOIS information for that domain name to list the contact information for the transferee.  (Kronenberger Decl. ¶12.)  Next, the domain name transferor provides to the transferee the login information to access the domain name registration at the registrar's website.  (*Id.*)  This process not only makes it easy for Zuccarini to alter his record of ownership at any moment, but it also imposes procedural difficulties in levying against these domain names.

### F.  Registrar's Reluctance To Transfer Domain Names

In post-judgment communications with the third party domain name registrars at issue, the registrars expressed a reluctance to transfer Zuccarini's domain names to the United States Marshal or DS Holdings absent a court order or the appointment of a receiver for Zuccarini's property.  (Kronenberger Decl. ¶29.)  The registrars indicated that the typical procedure for levying against intangible property, namely the service of a writ of execution and notice of levy, would not be sufficient to compel them to transfer Zuccarini's domain names.  (*Id.*)  However, the registrars indicated that if a receiver were appointed by the Court to enforce the judgment against Zuccarini, the registrars would transfer the domain names registered to Zuccarini to the receiver.  (*Id.*)

### III. LEGAL ARGUMENT

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

### A.  The District Is the Proper Venue for the Application.

Title 28 of the United States Code, Section 1391 states, in pertinent part:  "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought [] in … a judicial district in which … a substantial part of property that is the subject of the action is situated."  The "property" at issue in this action, Zuccarini's domain name holdings, is located in the District, insofar as the district contains Verisign, the sole registry for all .com and .net domain names.  (Kronenberger Decl. ¶¶7-8.)  (*See, e.g.* 15 U.S.C. § 1125(d)(2), providing for venue in certain cybersquatting actions "in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located".)  Accordingly, venue is proper before this Court.

### B.  The Application is Governed by California Law.

Federal Rule of Civil Procedure 69(a) states:  "The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought …"  As this Court is located in the Northern District of California, California law applies to the Application and DS Holdings' collection efforts.

### C.  Zuccarini's Domain Name Registrations Are Personal Property Subject to Levying.

Under California law, domain name registrations constitute personal property. *See Kreman v. Cohen*, 337 F.3d 1024, 1030 (9th Cir. 2003).  As the Ninth Circuit observed in *Kreman*, "like other forms of property, domain names are valued, bought and sold, often for millions of dollars [citation omitted], and they are now even subject to *in rem* jurisdiction, *see* 15 U.S.C. §1125(d)(2)."  *Id.*  Additionally, under California law, all property that is subject to enforcement of a money judgment, *including property in the possession of a third party*, may be levied upon under a writ of execution.  Cal. Civ.

Proc. Code §§695.010, 699.710, 700.040.   Accordingly, DS Holdings may levy upon Zuccarini's domain name holdings under the Writ.

**D.  Appointment of a Receiver Is Reasonable.**

California Code of Civil Procedure Section 708.620 authorizes a court to appoint a post-judgment receiver to aid a judgment creditor in the enforcement of a judgment where, considering the interests of both the judgment creditor and the judgment debtor, the appointment is a reasonable method to obtain the fair and orderly satisfaction of the judgment.   Since entry of judgment, DS Holdings has unsuccessfully attempted to resolve this matter both formally and informally.   However, the unusual nature of domain names and the reluctance of the third party registrars to transfer the domain names have frustrated DS Holdings' efforts to enforce its judgment.

Accordingly, it is reasonable for the Court to appoint a receiver to aid in the collection and auction of Zuccarini's domain name holdings to aid in the enforcement of DS Holdings' judgment.   The third party registrars of Zuccarini's domain names have stated that they will not transfer the domain names to DS Holdings absent the appointment of a receiver for Zuccarini's domain names or a court order directing them to do so.   The registrars have further indicated that they will not transfer domain names based solely on receipt of a writ of execution and notice of levy.   Thus, without the appointment of a receiver, DS Holdings' will have no way of obtaining and selling Zuccarini's property and collecting on its judgment.

Moreover, unlike tangible personal property, domain names cannot be readily seized by standard efforts.   Instead, the transfer of the domain name must occur by a more complex procedure.   The applicable domain name registrar must update the domain name's registration information to name DS Holdings or the United States Marshal instead of Zuccarini.   Next, the domain name registrar must provide the DS Holdings or the United States Marshal with the domain name's login information, which enables access to the domain name account.   If a receiver were appointed, the

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

registrars could change the domain names' registration information to name the receiver instead of Zuccarini.  This would facilitate the transfer of the domain names for sale at public auction.

Finally, the appointment of a receiver for Zuccarini's domain name holdings will finally remove them from the control of Zuccarini.  As discussed above, a domain name registrant can change the WHOIS info for a domain name with a few clicks of the mouse, making the domain names essentially untraceable.

Based on the above, DS Holdings requests that the Court appoint the United States Marshal as a receiver for Zuccarini's domain name holdings, so that these domain names may be sold by way of public auction under the direction of the U.S. Marshal.[1]

### E.  Michael W. Blacksburg Is Qualified To Serve As The Receiver.

Prior to filing the Application, counsel for DS Holdings contacted Michael W. Blacksburg to evaluate whether is was qualified and willing to serve as a receiver in the enforcement of DS Holdings' judgment against Zuccarini.  Mr. Blacksburg has executed a declaration stating that he is not a party to this matter, nor an attorney of a party, nor a person interested in the above-captioned action, nor related to any judge of the Court by consanguinity or affinity within the third degree.  (Declaration of Michael W. Blacksburg at *passim*.)  Pursuant to California Code of Civil Procedure Section 566(a), Mr. Blacksburg may serve as the post-judgment receiver in this action.

### III.  CONCLUSION

For all of the reasons set forth above, the Court should appoint Michael Blacksburg as a post-judgment receiver of Zuccarini's domain name holdings.

//

//

---

[1]    DS Holdings has consulted with the U.S. Marshal regarding this matter and has confirmed that the particular public auction procedure proposed by DS Holdings is the appropriate procedure in this case. (Kronenberger Decl. ¶29.)

Case No. C-06-80356-Misc.            8        **MPA ISO OF APPLICATION FOR APPOINTMENT OF RECEIVER**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1

2

DATED: June 25, 2007.

KRONENBERGER BURGOYNE, LLP

3

By:_____

4

Karl. S. Kronenberger

5

6

Attorneys for Assignee,
DS HOLDINGS, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C-06-80356-Misc.          9          **MPA ISO OF APPLICATION FOR APPOINTMENT OF RECEIVER**