IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFFICE DEPOT, INC., | No. C 06-80356 SI |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART ZUCCARINI'S MOTION FOR STAY OF ORDER PENDING APPEAL** |
| v. | |
| JOHN ZUCCARINI, et al., | |
| Defendants. | |
| DS HOLDINGS, LLC, | |
| Assignee, | |
| v. | |
| JOHN ZUCCARINI, et al., | |
| Defendants. | |

Judgment debtor John Zuccarini's motion to stay the Court's order granting application for appointment of receiver is scheduled for hearing on November 16, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS judgment debtor's motion.

On September 10, 2007, the Court granted the ex parte application for appointment of a receiver filed by assignee DS Holdings, LLC ("DS Holdings"). The Court appointed Michael W. Blacksburg as receiver to aid in the turnover of internet domain names owned by Zuccarini, so that they may be auctioned off to satisfy the judgment. Zuccarini has filed a notice of appeal of this order and asks the

1  Court to stay the act of placing his domain names in receivership and the act of auctioning off his
2  domain names, but his only real contention is that the domain names should not be auctioned off at this
3  time; he does not seriously contest the transfer of ownership to the receiver. Zuccarini argues that if he
4  is successful on appeal, and the many domain names are sold at auction to different buyers, it will be
5  extremely difficult to return the domain names to his ownership. DS Holdings contests Zuccarini's
6  motion, arguing that Zuccarini has not met his burden of showing that a stay is necessary. In the
7  alternative, DS Holdings accepts that a partial stay of the auction, without staying the receivership
8  transfer, may be appropriate under the circumstances and would permit DS Holdings to generate
9  revenue in satisfaction of the judgment.

10  "Federal Rule of Civil Procedure 62(h) provides that when a court has entered final judgment, it may upon its discretion, 'stay enforcement of that judgment until the entering of a subsequent judgment or judgments.'" *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 955 (9th Cir. 2006) (quoting Fed. Rule Civ. P. 62(h)). Courts consider the following factors when deciding whether to grant a motion to stay enforcement of a judgment: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). A court may look to general equitable principles when fashioning a stay of enforcement. *AmerisourceBergen*, 465 F.3d at 956.

20  The Court agrees with Zuccarini that if he were successful on appeal, it would be very difficult for him to force the return of the domain names to his ownership. The auction thus has the potential to irreparably injure Zuccarini. The Court also finds that Zuccarini may succeed on the merits because the Court's September 10, 2007 order addressed an issue of first impression. Finally, the Court finds that DS Holdings will not be substantially injured by a stay of the auction because once the domain names are placed in receivership, Zuccarini will not be able to hide or modify his domain name property and DS Holdings will be able to generate revenue from the domain portfolio through the practice of domain parking. *See* Opposition Brief at n.1. Accordingly, the Court GRANTS Zuccarini's motion to stay the auction of the domain names and DENIES Zuccarini's motion to stay the act of placing the domain

names in receivership.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS Zuccarini's motion to stay the auction and DENIES Zuccarini's motion to stay the placing of the domain names in receivership [Docket No. 40]. The domain names shall be transferred to receiver Michael W. Blacksburg. DS Holdings, as assignee of the judgment, is entitled to any profits arising out of the domain names prior to auction.

**IT IS SO ORDERED.**

Dated: November 14, 2007

SUSAN ILLSTON
United States District Judge