IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFFICE DEPOT, INC., | No. C 06-80356 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION RE: REVENUES FROM DOMAIN NAMES** |
| v. | |
| JOHN ZUCCARINI, et al., | |
| Defendants. / | |
| DS HOLDINGS, LLC | |
| Assignee | |
| v. | |
| JOHN ZUCCARINI, et al., | |
| Defendants. / | |

Defendant John Zuccarini has filed a motion to: (1) order the receiver to give priority to the IRS in the distribution of revenues; (2) order the receiver to provide a monthly revenue report to defendant; and (3) order the domain name registrars to return ownership and control to defendant of all domain names that do not end in ".com" or ".net." The motion is currently scheduled for March 21, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing.

On September 10, 2007, the Court granted the ex parte application for appointment of a receiver filed by assignee DS Holdings, LLC. This order permitted the receiver, Michael W. Blacksburg, to place the domain names in receivership so that they may be auctioned off to satisfy the judgment against

defendant. Defendant appealed that order to the Ninth Circuit, and also asked this Court to stay the auction of his domain names pending this appeal. The Court agreed with defendant in part, and on November 14, 2007, the Court issued an order staying the auction of the domain names pending appeal but permitting the domain names to be placed in receivership so that assignee may generate revenue from the domain names pending appeal.

Defendant now asks the Court to find that the IRS, to whom defendant apparently owes a great deal of money in unpaid taxes, has priority over assignee DS Holdings in receiving revenue from the use and sale of the domain names currently held in receivership. Defendant also asks the Court to order the receiver to provide a monthly revenue report to defendant and order the domain name registrars to return to defendant the ownership and control of all domain names that do not end in ".com" or ".net." Assignee DS Holdings argues that the Court lacks jurisdiction to entertain defendant's motion because defendant has appealed the Court's order appointing a receiver. Assignee also argues that defendant has no standing to assert the rights of the IRS, a third party, and that assignee has the right to levy upon all of defendant's domain names to satisfy its judgment.

"As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997); *see also Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001). There are a number of exceptions to this rule, such as where a district court corrects clerical errors, clarifies its judgment, acts to maintain the status quo, or aids execution of a judgment that has not been superseded. *Stein*, 127 F.3d at 1189. Defendant argues that the Court has jurisdiction because defendant is not asking the Court to revisit its order appointing a receiver, yet defendant has not argued that any exceptions to the general rule apply in this case. Moreover, the Court is not aware of any exceptions that would apply here. All of defendant's requests involve the "aspect[] of the case" that is being appealed, i.e. the appointment of a receiver to satisfy the judgment. Were the Court to order that DS Holdings is no longer entitled to the revenue generated from defendant's domain names, or that DS Holdings is only entitled to revenue generated from certain domain names held by the receiver, the Court would upset the status quo of the case as it was as of the filing of the notice of appeal and would "materially alter the status of the case on appeal." *NRDC v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (discussing

2

exception to the rule codified in Federal Rule of Civil Procedure 62(c)). In addition, the Court finds that it would be prudent to reserve judgment on defendant's motion until the Court of Appeals has ruled on the Court's appointment of a receiver, a decision that may moot all of defendant's requests should the Ninth Circuit rule in defendant's favor. That said, the Court notes that the receiver should keep a record of the revenues received and distributed from the use or sale of defendant's domain names, for the purposes of ensuring both that the judgment is satisfied and that defendant may have that information, should the Court rule in the future that he is entitled to it.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to order the receiver to direct revenues to the IRS, provide monthly revenue reports to defendant, and return all domain names not ending in ".com" or ".net" [Docket No. 55].

**IT IS SO ORDERED.**

Dated: March 13, 2008

SUSAN ILLSTON
United States District Judge