| | |
|---|---|
| 1 | JOSEPH P. RUSSONIELLO  (CSBN 44332) |
| | United States Attorney |
| 2 | THOMAS MOORE  (ASBN 4305-O78T) |
| | Assistant United States Attorney |
| 3 | Chief, Tax Division |
| | 9th Floor Federal Building |
| 4 | 450 Golden Gate Avenue, Box 36055 |
| | San Francisco, California 94102 |
| 5 | Telephone:   (415) 436-7017 |
| | Fax:         (415) 436-6748 |

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OFFICE DEPOT, INC., | ) |
| | ) No. C-06–80356-SI |
| Plaintiff, | ) |
| | ) UNITED STATES' MOTION TO |
| v. | ) INTERVENE AND MEMORANDUM |
| | ) OF POINTS AND AUTHORITIES IN |
| JOHN ZUCCARINI, ET AL., | ) SUPPORT AND NOTICE |
| | ) |
| Defendant. | ) Date: June 20, 2008 |
| | ) Time: 9:00 a.m. |
| | ) Place: Courtroom 10, 19th Floor |

**MOTION TO INTERVENE AND NOTICE OF MOTION TO INTERVENE**

**PLEASE TAKE NOTICE** that on June 20, 2008, at 9:00 a.m. in Courtroom 10, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, the United States of America will and hereby does move pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, to intervene in this action.  This motion is based on this notice, the ensuing memorandum of points and authorities, the pleadings on file in this action, and such other arguments or evidence as may be presented to the Court at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Taxpayer John Zuccarini is a resident of Stuart, Florida.  He has been assessed federal income tax liabilities for the tax years 2000, 2002, 2003, and 2006 totaling $418,755.89 as of March 17, 2008.  Several Notices of Federal Tax Lien have been filed in Martin County, Florida,

1 | the earliest of which was recorded on or about June 7, 2006 for the 2000 tax year.

In addition to the federal income tax liabilities that Zuccarini owes to the government, DS Holdings, LLC (as assignee of Office Depot, Inc.) has a judgment against Zuccarini in the amount of $169,153.59. A writ of execution was issued on December 19, 2006. Zuccarini owns several Internet domain names, and DS Holdings seeks to transfer Zuccarini's domain names to a receiver so that they can be sold at public auction to satisfy the judgment.

On February 8, 2008, Zuccarini filed a Motion to Order Receiver to give priority to the IRS in the distribution of revenues from the sale of domain names. On February 22, 2008, DS Holdings filed a Memorandum in Opposition to Zuccarini's Motion to Order Receiver to give priority to the IRS in the distribution of revenues from the sale of domain names.

By this Motion, the United States seeks to intervene in this action pursuant to Rule 24(a) of the Federal Rules of Civil Procedure.

## DISCUSSION

### Intervention by the United States of America

DS Holdings seeks to satisfy its judgment against Zuccarini by transferring his domain names to a receiver to sell at a public auction. The relief sought by DS Holdings affects the United States, because DS Holdings' assertion that it has priority as against the federal tax lien affects the government's ability to protect its interest. Accordingly, the United States seeks to intervene in this action pursuant to Rule 24(a) of the Federal Rules of Civil Procedure:

> Intervention as of Right. On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by federal statute; or (2) claims an interest relating to the property or transaction that is the subject matter of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The United States asserts it has a right to intervene under FRCP 24(a)(2). If there are competing claims to a delinquent taxpayer's property, then priority is determined by federal law. **Aquilino v. United States**, 363 U.S. 509, 513-14 (1960). Generally, priority for purposes of federal law is governed by the common law principle of "first in time, first in right." **United States v. McDermott**, 507 U.S. 447 (1993).

1         If a taxpayer neglects or refuses to pay any tax due after notice and demand for payment has been made by the Internal Revenue Service, a lien arises in favor of the United States on all property of the taxpayer as of the date of assessment.  26 U.S.C. §§ 6321, 6322.

      In determining the priority of the federal tax lien as against a judgment lien, Section 6323 of the Internal Revenue Code provides that a federal tax lien is not perfected as against a judgment lien creditor until a Notice of Federal Tax Lien is filed in accordance with the requirements of Section 6323(f).  26 U.S.C. § 6323(a).

      In order to qualify as a judgment lien creditor, the judgment holder must (1) perfect a lien under the judgment on the property involved, as required by local law; and (2) satisfy the "choateness" test.  26 C.F.R. § 301.6323(h)-1(g); **United States v. City of New Britain**, 347 U.S. at 84.

      Under California law, a judgment does not become a perfected lien on personal property until the judgment creditor executes upon the property.  A federal tax lien recorded before an execution is levied against personal property has priority over the judgment lien.  **United States v. Code Products Corp.**, 216 F.Supp. 281, 286 (E.D. Pa. 1963); **Bank of America Nat. Trust & Sav. Ass'n v. United States**, 73 F.Supp. 303, 306 (N.D. Cal. 1946).

      In this case, the property at issue is the taxpayer's Internet domain names.  The earliest federal tax lien was recorded on or about June 7, 2006 in Martin County, Florida where the taxpayer resides.  For lien recording purposes, personal property of a taxpayer is deemed to be situated at the residence of the taxpayer at the time the notice of lien is filed.  26 U.S.C. § 6323(f)(2)(B).  Thus, the Notice of Federal Tax Lien was properly recorded and perfected as to the domain names held by the taxpayer.

      On December 14, 2000, Office Depot, Inc. obtained a judgment against Zuccarini in the amount of $105,600.00.  Office Depot subsequently assigned the judgment to DS Holdings, LLC.  On December 19, 2006, a writ of execution was issued on the judgment.

      Since the Notice of Federal Tax Lien recorded on or about June 7, 2006 preceded the writ of execution, the federal tax lien has priority as to the sale proceeds of the Internet domain names owned by Zuccarini.

## CONCLUSION

For the reasons set forth above, the United States moves this Court to intervene as a party defendant in this action pursuant to FRCP 24(a)(2).

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


/s/ Thomas Moore
THOMAS MOORE
Assistant United States Attorney
Tax Division