**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Assignee DS HOLDINGS, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OFFICE DEPOT, INC.,** a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>Defendant.<br><br>**DS HOLDINGS, LLC,** a Colorado limited liability company,<br><br>Judgment Creditor,<br><br>vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>Judgment Debtor. | Case No. C-06-80356-SI<br><br>**DS HOLDINGS, LLC'S 1) OPPOSITION TO ZUCCARINI'S MOTION TO STAY AUCTION OF DOMAIN NAMES TO ALLOW FILING OF WRIT OF CERTIORARI IN THE SUPREME COURT; AND 2) STATEMENT OF NON-OPPOSITION TO MOTION TO ORDER RECEIVER TO PROVIDE MONTHLY REVENUE REPORTS TO DEFENDANT AS REQUIRED BY CALIFORNIA RULE 3.1182**<br><br>Date: In Chambers<br>Ctrm: 10, 19th Floor<br>Judge: The Hon. Susan Illston |

**DS HOLDINGS' OPPOSITION TO ZUCCARINI'S MOTION TO STAY AUCTION OF DOMAIN NAMES TO ALLOW FILING OF WRIT OF CERTIORARI IN THE SUPREME COURT**

## I. BACKGROUND

In December 2000, Office Depot Inc. obtained a judgment against Defendant and Judgment Debtor John Zuccarini (the "Judgment"). Office Depot Inc. assigned the Judgment to Judgment-Creditor DS Holdings, LLC ("DSH"). DSH learned that Zuccarini owned more than 248 domain names registered with VeriSign, Inc, and DSH sought to levy on the 190 ".com" domain names that were part of Zuccarini's domain name portfolio (the "Domains"). On September 7, 2007, DSH moved this Court for the appointment of a post-judgment receiver under California Code of Civil Procedure section 708.620, who would aid in the enforcement of the Judgment by obtaining and selling the Domains, using the proceeds to satisfy the Judgment. On September 10, 2007, this Court granted the motion and appointed a post-judgment receiver (the "Receiver").

Zuccarini appealed the Court's order appointing the Receiver to the United States Court of Appeals for the Ninth Circuit. On February 26, 2010, the Ninth Circuit affirmed this Court's order appointing the Receiver and approving of the sale of the Domains to satisfy the Judgment. The Ninth Circuit found: a) that the Northern District of California has quasi in rem jurisdiction over the Domains, b) that the Domains are intangible property subject to a writ of execution, and c) the Domains are located in the Northern District of California—the location of the Registry of the Domains—for purposes of asserting quasi in rem jurisdiction. *Office Depot, Inc. v. Zuccarini,* 596 F.3d 696 (9th Cir. 2010). On April 15, 2010, the Ninth Circuit issued a mandate effecting its February 26, 2010 judgment. The mandate was filed with this Court on April 23, 2010.

On April 19, 2010, Zuccarini filed a motion to stay the auction of the Domains pending the disposition of his anticipated petition for a writ of certiorari from the United States Supreme Court.

//

Case No. C-06-80356-SI     1     **DS HOLDINGS'S OPP. TO ZUCCARINI'S MTN TO STAY AUCTION**

## II. ARGUMENT

There is no reason why the Court should stay the auction of the Domains pending the disposition of Zuccarini's petition for certiorari ("Motion to Stay"). As an initial matter, requests for stays pending a petition for certiorari are typically not made to the district court. Rather, such requests are made to the Court of Appeals before the mandate issues, *see* Fed. R. App. P. 41(d), or in extraordinary circumstances to the Supreme Court along with the petition for certiorari, *see* R. S. Ct. 23. Zuccarini could have employed either of these methods, but chose not to.

Both Fed. R. App. P. 41(d) and Supreme Court jurisprudence establish rigorous standards for obtaining a stay. As the Supreme Court has stated,

> The standards for granting a stay of mandate pending disposition of a petition for certiorari are well established: There must be a reasonable probability that four members of the Court would consider the underlying issue sufficiently meritorious for the grant of certiorari or the notation of probable jurisdiction; there must be a significant possibility of reversal of the lower court's decision; and there must be a likelihood that irreparable harm will result if that decision is not stayed. *South Park Independent School Dist. v. United States*, 453 U.S. 1301, 1303 (1981).

Similarly, Fed. R. App. P. (d) provides that a mandate should be stayed only where the petition for certiorari would present a substantial question and good cause exists for the stay. None of these conditions is satisfied here.

Zuccarini's Motion to Stay consists of only two sentences. Zuccarini fails to provide the Court with any background facts, case law, or record citations that would support the issuance of a stay. In fact, Zuccarini makes no argument whatsoever to overcome the rigorous standard for obtaining a stay. Nor could Zuccarini make such an argument given the weakness of his case.

First, there is essentially no chance that the Supreme Court will consider the underlying issue here sufficiently meritorious to grant a writ of certiorari. Although Zuccarini will likely argue that this case raises novel issues regarding domain names as intangible property, these are issues of California <u>state</u> law. They do not implicate

constitutional concerns, fundamental rights, comity among the States, or issues common to a large segment of the population. Rather, the issues in this case center around a straightforward judgment enforcement between two parties. Given that the Supreme Court grants certiorari in somewhere around *one to two percent* of the cases submitted to it in any one term, there is little to no chance that it will do so here.

Second, even in the extremely unlikely event that the Supreme Court granted certiorari, there is little possibility that that it would reverse Ninth Circuit's decision, let alone a "significant possibility" as required. While this case might involve certain current questions about domain names as property, neither this Court nor the Ninth Circuit expressed any concern that its decision was uncertain, or that it might conflict with other jurisdictions. To the contrary, the language of the Ninth Circuit's opinion was unwavering and precise. Zuccarini has pointed to no authority of any kind that supports his position or otherwise indicates that the Supreme Court would reverse the Ninth Circuit.

Finally, no irreparable harm would occur if the mandate is not stayed. While the Domains may be sold during the pendency of Zuccarini's petition for certiorari, this is not the type of harm contemplated by the Supreme Court in *South Park*. The enforcement of the Judgment – which Zuccarini has now managed to stall for the last *ten years* – would not affect fundamental rights protected by the Constitution nor would it affect a significant number of people. Rather, the enforcement of the judgment would be a straightforward, common procedure, affecting only the two parties.

### III. CONCLUSION

For all of the reasons set for the above, the Court should deny Zuccarini's Motion to Stay.

//

//

//

1  **DS HOLDINGS' STATEMENT OF NON-OPPOSITION TO ZUCCARINI'S MOTION TO ORDER RECEIVER TO PROVIDE MONTHLY REVENUE REPORTS TO DEFENDANT AS REQUIRED BY CALIFORNIA RULE 3.1182**

DSH does not oppose Zuccarini's motion to order the post-judgment receiver to provide monthly revenue reports.

DATED: May 7, 2010                    KRONENBERGER BURGOYNE, LLP


By:   s/ Henry M. Burgoyne, III

Henry M. Burgoyne, III

Attorney for Assignee DS Holdings, LLC