United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OFFICE DEPOT INC.,

    Plaintiff,

v.

JOHN ZUCCARINI,

    Defendant.
                                 /

DS HOLDINGS, LLC

    Plaintiff,

v.

JOHN ZUCCARINI,

    Defendant.
                                 /

No. C 06-80356 SI

**ORDER DENYING DEFENDANT'S MOTION TO STAY AUCTION OF DOMAIN NAMES AND GRANTING DEFENDANT'S MOTION TO ORDER RECEIVER TO PROVIDE MONTHLY REVENUE REPORTS**

      Defendant has filed a motion to stay auction of domain names and to order the receiver to provide monthly revenue reports. For the reasons set forth below, the Court hereby DENIES the motion to stay and GRANTS the motion for an order directing the receiver to provide monthly reports.

**BACKGROUND**

      On September 10, 2007, the Court granted the ex parte application of assignee DS Holdings, LLC for appointment of a receiver to hold internet domain names owned by judgment debtor John Zuccarini, so that the domain names may be auctioned off to satisfy the judgment against Zuccarini. (Docket No. 30). On November 14, 2007, the Court granted Zuccarini's motion to stay the auction

pending Zuccarini's appeal to the Ninth Circuit. (Docket No. 47). The Ninth Circuit issued a published opinion affirming this Court's appointment of a receiver on February 26, 2010. (Docket No. 86). Zuccarini now seeks a stay of the auction of domain names pending his filing of a petition for writ of certiorari with the Supreme Court. Zuccarini also seeks an order requiring the receiver, Michael Blacksburg, to provide him with monthly reports of the revenues generated from the use of the domain names. The Court will address each request in turn.

**I.    Motion to Stay Auction of Domain Names**

Zuccarini moves to stay the auction of domain names until the time for seeking a writ of certiorari from the Supreme Court has expired. As an initial matter, as DS Holdings points out, such requests are ordinarily addressed to the Court of Appeals by filing a motion to stay issuance of the mandate pursuant to Federal Rule of Appellate Procedure 41(d). When a motion to stay enforcement of a judgment is addressed to the district court, however, the court must consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). A court may also look to general equitable principles when fashioning a stay of enforcement. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 956 (9th Cir. 2006).

In granting Zuccarini's motion to stay the auction pending his Ninth Circuit appeal, the Court found that Zuccarini showed a likelihood of irreparable injury, that a stay would not prejudice DS Holdings, and that Zuccarini showed a potential for succeeding on the merits, given that this Court's appointment of the receiver addressed an issue of first impression. Nov. 14, 2007 Order at *2. In the Court's view, however, the *Hilton* factors no longer tilt in Zuccarini's favor. The Ninth Circuit affirmed this Court's appointment of a receiver in this district in an eleven-page published opinion that squared with California law, the law of other federal circuits, and the federal Anticybersquatting Consumer Protection Act. *Office Depot, Inc. v. Zuccarini*, No. 07-16788, slip op. at 3129-31 (9th Cir. Feb. 26, 2010). Zuccarini has not shown a strong likelihood of succeeding in his cert petition. Additionally, the

receiver was appointed more than two years ago, and DS Holdings is suffering injury through its inability to sell the domain names to satisfy its judgment. The Court believes it is no longer justified to stay the auction, and DENIES Zuccarini's motion for a stay.

**II.     Motion to Order the Receiver to Provide Monthly Revenue Reports**

Zuccarini also moves for an order requiring the receiver, Michael Blacksburg, to provide monthly reports detailing the revenues received and distributed from the use of the domain names. Zuccarini relies on California Rule of Court 3.1182, which states that a receiver must provide the parties with monthly reports which include: "(1) A narrative report of events; (2) A financial report; and (3) A statement of all fees paid to the receiver, employees, and professionals showing: (A) Itemized services; (B) A breakdown of the services by 1/10 hour increments; (C) If the fees are hourly, the hourly fees; and (D) If the fees are on another basis, that basis." Cal. R. of Court 3.1182(a). This procedure is applicable in these proceedings pursuant to Federal Rule of Civil Procedure 69, which provides that the enforcement of a money judgment entered in federal court "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1).

DS Holdings has filed a statement of non-opposition to the request for monthly revenue reports. Zuccarini's motion for an order requiring the receiver to provide monthly reports is therefore GRANTED. The receiver is directed to provide monthly reports to Zuccarini in accordance with the terms of California Rule of Court 3.1182 until such time as the domain names have been auctioned off and the revenue from the auctions has been reported to Zuccarini.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court DENIES Zuccarini's motion to stay the auction and GRANTS Zuccarini's motion to order the receiver to provide monthly reports. (Docket No. 88).

**IT IS SO ORDERED.**

Dated: May 12, 2010

SUSAN ILLSTON
United States District Judge

3