**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne, III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile:  (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Judgment Creditor DS HOLDINGS, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **OFFICE DEPOT, INC.,** a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>    Defendant.<br><br>**DS HOLDINGS, LLC,** a Colorado limited liability company,<br><br>    Judgment Creditor,<br><br>vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>    Judgment Debtor. | Case No. C-06-80356-SI<br><br>**DECLARATION OF HENRY M. BURGOYNE, III IN OPPOSITION TO ZUCCARINI'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION**<br><br>Date:    In Chambers<br>Ctrm:   10, 19th Floor<br>Judge:  The Hon. Susan Illston |

Case No. C-06-80356-SI       **BURGOYNE DECL. IN OPP. TO ZUCCARINI'S EX PARTE APPL FOR TRO/PRELIM INJ.**

I, Henry M. Burgoyne, III, declare as follows:

1. I am an attorney admitted to practice in the State of California and the United States District Court for the Northern District of California. I am a partner at the law firm of Kronenberger Burgoyne, LLP, counsel of record for Judgment Creditor DS Holdings, LLC, ("Judgment Creditor" or "DSH"). Unless otherwise stated, I have personal knowledge of the facts stated herein.

2. On behalf of DSH, I have been working with the U.S. Attorney to satisfy Defendant and Judgment Debtor John Zuccarini ("Zuccarini")'s various obligations to both of his creditors' satisfaction. I am continuing to work with the U.S. Attorney to address the liquidation of Zuccarini's estate to satisfy Zuccarini's obligations. We have collaborated about marshalling Zuccarini's Domain Holdings, strategized about the most profitable way to sell the Domain Holdings, and cooperated over the division of the proceeds to satisfy both parties' interests.

3. On May 25, 2010 Zuccarini notified the parties and Receiver Michael Blacksburg that seven of the domains had been sold or otherwise transferred in violation of the Court's preservation order. Attached hereto as Exhibit A is a true and correct copy of an email from Zuccarini to me and others.

4. On May 26, 2010 Zuccarini notified the parties and Receiver Michael Blacksburg that six additional domains had been sold or otherwise transferred in violation of the Court's preservation order. Attached hereto as Exhibit B is a true and correct copy of an email from Zuccarini to me and others.

5. On June 2, 2010 Zuccarini notified the parties and Receiver Michael Blacksburg that an additional domain had been sold or otherwise transferred in violation of the Court's preservation order. Attached hereto as Exhibit C is a true and correct copy of an email from Zuccarini to me and others.

6. On further inquiry, it appeared that the registrations for the domain names referenced in Paragraphs 3-5 were inadvertently allowed to lapse, and that Network

//

1 Solutions—the domain name registrar for the domain names referenced in Paragraphs
2 3-5—took control of these domains and sold them to third parties.
3     I declare under penalty of perjury under the laws of the State of California that
4 the foregoing is true and correct and that this Declaration was executed this June 3,
5 2010, at San Francisco, California.

                                                                            /s/ Henry M. Burgoyne, III
                                                                               Henry M. Burgoyne, III

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com