**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne, III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Judgment Creditor DS HOLDINGS, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OFFICE DEPOT, INC.,** a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　　　　vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendant.<br><br>**DS HOLDINGS, LLC,** a Colorado limited liability company,<br><br>　　　　　Judgment Creditor,<br><br>　　　　　vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>　　　　　Judgment Debtor. | Case No. C-06-80356-SI<br><br>**DECLARATION OF KARL S. KRONENBERGER IN RESPONSE TO INCORRECT STATEMENTS CONCERNING DS HOLDINGS' OPPOSITION TO NETWORK SOLUTIONS' MOTION TO INTERVENE**<br><br>Date:　　June 15, 2010<br>Time:　　2:00 p.m.<br>Ctrm:　　10, 19th Floor<br>Judge:　　The Hon. Susan Illston |

I, Karl S. Kronenberger, declare as follows:

1. I am an attorney admitted to practice in the State of California and the United States District Court for the Northern District of California. I am a partner at the law firm of Kronenberger Burgoyne, LLP, counsel of record for Judgment Creditor DS Holdings, LLC, ("Judgment Creditor" or "DSH"). Unless otherwise stated, I have personal knowledge of the facts stated herein.

2. This declaration is in response to statements by non-party Network Solutions, Inc. ("Network Solutions")' counsel regarding whether DS Holdings, LLC agreed not to oppose Network Solutions' motion to intervene.

3. I spoke with Robert Cutbirth, counsel for Network Solutions, several times on June 8-11, 2010, regarding Network Solutions' interest in intervening in this case.

4. I specifically told Mr. Cutbirth that I would not stipulate to Network Solutions intervening in this case.

5. I told Mr. Cutbirth that I would consider not opposing Network Solutions' request to intervene, but only upon receiving more information about Network Solutions' position and their goals in the case.

6. Mr. Cutbirth never informed me that his client intended to file a motion to vacate this Court's September 7, 2010 order based on jurisdictional arguments.

7. I was crystal clear on all telephone calls with Mr. Cutbirth that, at the time of each call, I had not decided on whether or not to oppose the intervention.

8. Network Solutions never provided any further information about their position or their goals in the case until their court filings today, and as a result, I never informed Mr. Cutbirth that I would not oppose his client's intervention motion.

9. For these reasons, Mr. Cutbirth's statement in paragraph 11 of Network Solutions' ex parte application dated June 14, 2010 is incorrect. Specifically, that paragraph states, "All parties stated that they would not oppose the filing of the Complaint in intervention, understanding that Network Solutions would be challenging the Court's jurisdiction over domain names and the Blacksburg/Network Solutions

1 Service Agreements." This statement is simply false, as I would have never considered
2 not opposing Network Solutions' intervention motion if I had known that they would be
3 challenging the Court's jurisdiction over this case.

5      I declare under penalty of perjury under the laws of the State of California that
6 the foregoing is true and correct and that this Declaration was executed this June 14,
7 2010, at San Francisco, California.

          /s/ Karl S. Kronenberger
          Karl S. Kronenberger

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. C-06-80356-SI    2    **KRONENBERGER DECL. IN RESPONSE TO STATEMENTS RE MTN TO INTERVENE**