

June 4, 2010

**VIA E-MAIL AND FIRST CLASS MAIL**
Henry M. Burgoyne, III
Kronenberger Burgoyne, LLP
150 Post Street
Suite 520
San Francisco, CA 94108

    Re:    <u>Office Depot, Inc. v. Zuccarini</u>

Dear Mr. Burgoyne,

    On behalf of Network Solutions, LLC ("Network Solutions"), I write in response to the recent correspondence received by Network Solutions regarding the following domain names:

1. govermentgrants.com (Exp. Date: April 15, 2010);
2. usgoverment.com (Exp. Date: April 15, 2010);
3. govermentgrant.com (Exp. Date: April 15, 2010);
4. govermentauction.com (Exp. Date: April15, 2010);
5. govermentauctions.com (Exp. Date: April 15, 2010);
6. floridagovernment.com (Exp. Date: April 15, 2010);
7. californiagovernment.com (Exp. Date: April 15, 2010);
8. britian.com (Exp. Date: April 14, 2010);
9. greatbritian.com (Exp. Date: April 14, 2010);
10. dictionarys.com (Exp. Date: April 16, 2010);
11. perscriptiondrugs.com (Exp. Date: April 14, 2010);
12. wrestleing.com (Exp. Date: April 13, 2010); and
13. emailaddresses.com (Exp. Date: April 15, 2010)

(collectively, the "Domain Names"). In short, Network Solutions has received multiple e-mails and/or letters, the most recent of which is from you and is dated June 3, 2010, which allege that the Domain Names were improperly transferred from the account of the Receiver in the above-referenced case, Michael W. Blacksburg (the "Receiver"), to the accounts of various respective third parties.

    Pursuant to Judge Illston's order dated November 14, 2007 (the "Order"), on December 11, 2007, the Domain Names were transferred to the Receiver's account with Network Solutions, giving the Receiver full control over the Domain Names. In establishing his account with Network Solutions, the Receiver agreed to the terms

13861 Sunrise Valley Drive
Suite 300
Herndon Virginia 20171
P 703-668-4600

networksolutions.com



and conditions of the Service Agreement, and all services for the Domain Names were then provided to the Receiver as the account holder.

The Receiver acted as both the registrant and the administrative contact for each of the Domain Names. In other words, pursuant to the Order, the Receiver had control of the Domain Names.

Consistent with his control over the Domain Names, the Receiver chose to renew the respective registration services for the Domain Names (which was certainly his prerogative) at least twice after he initially registered the Domain Names through Network Solutions (the Receiver thrice renewed the registration services for greatbritian.com). As you know, there are approximately 77 additional domain names that were transferred to the Receiver's control, for which he has also, in most cases, elected to renew the registration services more than once. From the initial transfer of the Domain Names into his account, the Receiver has had full control of the Domain Names, including the ability to decide whether to renew the services for any or all of the Domain Names, and he was obviously well-aware of the steps that he needed to take to ensure any such renewal of services.

For the registration services for the Domain Names at issue here, the Receiver most recently renewed the services in April 2009 for a period of one year. As a result, the registration services for each of the Domain Names was set to expire in April, 2010. On at least four occasions for each of the Domain Names, Network Solutions sent to the Receiver notices reminding him that, unless registration services for each of the Domain Names was renewed, the registration services for each of the Domain Names would expire. Thus, Network Solutions e-mailed the Receiver no less than 52 times to notify him of the fact that the registration services for each of the Domain Names would expire.

13861 Sunrise Valley Drive
Suite 300
Herndon Virginia 20171
P 703-668-4600
networksolutions.com



      Moreover, pursuant to the Service Agreement, upon expiration of the Domain Names, a short auction for the transfer of each of the Domain Names automatically occurred. As the erstwhile registrant of the Domain Names, the Receiver may be entitled to 15%-20% of the proceeds of the auction. As Network Solutions is not a party to the proceedings in which the Receiver was appointed to his position, it would not have any way of knowing that the Receiver did not wish to dispose of the Domain Names in such a manner. Accordingly, the Domain Names properly transferred from the account of the Receiver to the new registrants' respective accounts.

      Very truly yours,

Nicholas M. Beizer
Director, Legal and Business Affairs

cc:   Michael W. Blacksburg
       Hennie Groot Lipman
       Isaac Goldstein
       Edwin Hayward
       John Zuccarini