John Zuccarini
190 SW Kanner Highway
Stuart, Florida 34997
(772) 631-3887



Pro Se Defendant

## UNITED STATES DISTRICT COURT

## NOTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| OFFICE DEPOT INC., a Delaware Corporation<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN ZUCCARINI, individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. C-06-80356-SI<br><br>BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STAY JUNE 15TH RULING PENDING APPEAL |
| DS HOLDINGS, LLC a Colorado limited liability company,<br><br>        Assignee,<br><br>vs.<br><br>JOHN ZUCCARINI, individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>        Defendants. | DATE: July 30, 2010<br>TIME: 9:00 A.M<br>PLACE: Courtroom 10, 19th Floor<br>The Honorable Susan Illston |

## BRIEF IN SUPPORT OF DEFENDANT'S
## MOTION TO STAY JUNE 15TH RULING PENDING APPEAL

COMES NOW, Defendant John Zuccarini who files *Brief in Support of Defendant's Motion to Stay June 15th Ruling Pending Appeal*.

### STATEMENT OF FACTS

Both the Defendant and DS Holdings filed applications for temporary emergency injunctive relief, for which the Court held a hearing on June 15, 2010.

The Court denied the application of both parties. Although both parties voiced their observances, and Defendant's Petition seeking relief made viable argument, the Court failed to explain the denial and cited no authority in support of the ruling. Thereby defendant has been harmed.

Specifically the Defendant sited to the Court that the California Court of Appeals, has in fact actually held that you cannot levy upon domain names. The door was not "left open" as the 9th Circuit claims, the door was closed when The California Court of Appeals held that domain names are intangible, they cannot be taken into custody.

> ***Intangible property.*** Property that lacks a physical existence - Examples include bank account, stock options, and business goodwill. Cf. *Tangible property.*[1]

Domain names are "intangible property under California law". ***Kremen v. Cohen***, 337 F.3d 1024, 1030 (9th Cir. 2003). In ***Palacio Del Mar Homeowners Ass'n, Inc. v. McMahon***, 174 Cal. App. 4th 1386, 1391 (2009), a California Court of Appeals held that domain names do not constitute property subject to a turnover order because they cannot be taken into custody.

Further, even had the California Appellate Courts not so held, the Federal Courts would

---

[1] Black's Law Dictionary, 7th Ed. page 1233.

2

have been obligated to Certify the question to California's Supreme Court. "Effective Jan. 1, 1998, California Rule of Court 29.5 created a process whereby sister state courts of last resort and federal appellate courts could certify unresolved questions of California law to the California Supreme Court."[2]

Moreover, Defendant has filed Notice of Appeal of the Ruling Denying the TRO/Injunction and now seeks a Stay of that Ruling pending Appeal.

## ARGUMENT AND CITATION OF AUTHORITY

A stay is necessary to prevent further irreparable harm to defendant. This court has already allowed irreparable damage to occur and has allowed the receiver to remain without replacing him, ensuring that more irreparable harm will take place. Further, this Court cited no authority for the denial of emergency applications filed by two separate and opposite parties.

Because there were proper grounds to grant the request by two opposing parties, this court should stay it's ruling pending appeal. "To justify a temporary injunction it is not necessary that the plaintiff's right to a final decision, be absolutely certain" in this case, "the other elements are present (i. e., the balance of hardships tips decidedly toward defendant), it will ordinarily be enough that the he has raised questions so serious, substantial, difficult and doubtful, as to make them a fair ground for more deliberative investigation. ***Hamilton Watch Co. v. Benrus Watch Co.***, 206 F.2d 738, 740 (2d Cir. 1953) (footnote omitted).

More recently, the same court declared: "One moving for a preliminary injunction assumes the burden of demonstrating either a combination of probable success and the possibility of irreparable injury or that serious questions are raised and the balance of hardships

---

[2] Originally published in the June 7, 2000 issue of the Los Angeles Daily Journal.

tips sharply in his favor." *Charlie's Girls, Inc. v. Revlon, Inc.*, 483 F.2d 953, 954 (2d Cir. 1973) (per curiam). To the same effect, see also *Costandi v. AAMCO Automatic Transmissions, Inc.*, 456 F.2d 941 (9th Cir. 1972).

In *Washington Metropolitan Area, etc., v. Holiday Tours*, 559 F. 2d 841 Court of Appeals, Dist. of Columbia (1977) it was stated: "We believe that this approach is entirely consistent with the purpose of granting interim injunctive relief, whether by preliminary injunction or by stay pending appeal. <u>Generally, such relief is preventative, or protective</u>"

The U. S. Supreme Court has held: "It has always been held, therefore, that as part of its traditional equipment for the administration of justice,[[*]] a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Sampson v. Murray*, 415 US 61 - Supreme Court 1974 415 U.S. 61 (1974)

Further, it has long been shown in the Bankruptcy Courts, in which involves debtors, that without a stay granted, the issue on appeal becomes moot. *Sampson v. Murray*, 415 US 61 - Supreme Court 1974 415 U.S. 61 (1974):

*In the Matter of National Homeowners Sales Service Corp.*, 554 F.2d 636 (4th Cir. 1977), the debtor's principal asset was ordered sold in a Chapter XI proceeding. An appeal was taken but no stay was obtained. Again in *Country Fairways, Inc. v. Mottaz*, 539 F.2d 637 (7th Cir. 1976), there was a confirmed sale of all the bankrupt's assets. Although the order was appealed, no stay was obtained. A like situation obtained in *Sterling v. Blackwelder*, 405 F.2d 884 (4th Cir. 1969). *In re Rock Industries Machinery Corp.*, 572 F.2d 1195 (7th Cir. 1978), also involved a confirmed sale and an appeal not supported by a stay order. In each of the foregoing cases the merits of the appeals were not considered because no stays were obtained. In each of

4

them the appeals were dismissed because the issues were moot. *In re Royal Properties, Inc.*, 621 F.2d 984 (1980).

The "basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies," *Beacon Theatres, Inc. v. Westover*, 359 U. S. 500, 506-507 (1959), and the Court of Appeals itself in *Virginia Petroleum Jobbers Assn. v. FPC*, 104 U. S. App. D. C. 106, 259 F. 2d 921 (1958), has recognized as much.

The power to issue a stay "is inherent in judicial power and as indicated by the Court rests on the exercise of an informed discretion on a showing of irreparable injury to the applicant", *Scripps-Howard Radio v. FCC*, 316 U. S. 4, 14.

## CONCLUSION

Defendant has filed Notice of Appeal simultaneously with Motion and Brief to Stay Proceedings; Defendant has made a proper and necessary showing of the grounds and authority for such Motion to be granted.

Defendant Moves this Court to Grant his Stay pending Appeal.

Respectfully submitted, this 18th day of June, 2010

By: _____
John Zuccarini

Pro Se Defendant

5