IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OFFICE DEPOT, INC.,

    Plaintiff,

v.

JOHN ZUCCARINI,

    Defendant,

DS HOLDINGS, LLC,

    Judgment Creditor,

v.

JOHN ZUCCARINI,

    Judgment Debtor.

No. C 06-80356 SI

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT AND MOTION TO ORDER RETURN OF DOMAIN NAMES**

Defendant has filed a motion for relief from judgment and a motion to order the return of certain domain names. These matters are currently set for hearing on July 16, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court DENIES both motions.

**BACKGROUND**

On September 10, 2007, the Court granted the ex parte application of assignee DS Holdings, LLC to appoint a receiver to hold internet domain names owned by defendant and judgment debtor John

Zuccarini so that the domain names could be auctioned off to satisfy the judgment against him. (Docket No. 30). In appointing the receiver, the Court addressed a matter of first impression in this circuit: the appropriate location to levy upon intangible property such as domain names. The Court concluded that because the domain name registry for .com and .net domain names, Verisign, is located within this district, the Court had *in rem* jurisdiction to oversee the levy upon the domain names and appoint a receiver in this district. *Id.* at *5-7. The Ninth Circuit affirmed this Court's ruling in a published opinion issued on February 26, 2010. *Office Depot v. Zuccarini*, 596 F.3d 696 (9th Cir. 2010).

Since the Ninth Circuit issued its opinion, Zuccarini has filed a number of motions in this Court seeking various forms of relief related to his efforts to seek certiorari from the Ninth Circuit's decision and related to the receiver's management of the domain names. In his two most recent motions, Zuccarini moves for relief from judgment and for the return of .eu domain names to his possession and control.

## DISCUSSION

### I. Motion for Relief From Judgment

Zuccarini first seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b), in relevant part, permits a court to

> relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; . . . or (6) any other reason that justifies relief.

Although Zuccarini does not clearly specify from which "judgment" he is seeking relief, it appears that he challenges this Court's September 2007 order appointing the receiver and the Ninth Circuit's February 2010 decision affirming this Court's order.

The Court finds that Zuccarini's motion is both untimely and procedurally improper. A motion for relief from judgment premised on mistake or fraud must be brought within a year of entry of the challenged judgment, and a motion brought for any other reason "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Nearly three years have passed since Court issued its order appointing the receiver to oversee auction of the domain names, and Zuccarini has availed himself of his right to

appeal this Court's decision. Any purported errors in this Court's or the Ninth Circuit's decisions must be raised through the appropriate channels, not through a belated request for relief from judgment in this Court, which is without power to grant relief from a Ninth Circuit ruling no matter the ground raised.

In addition, Zuccarini has not raised a valid ground for relief from judgment. Zuccarini argues first that the Ninth Circuit's decision affirming this Court's appointment of the receiver is at odds with Third Circuit precedent and with the position taken by the FTC in briefs filed in the Eastern District of Pennsylvania in 2001 and 2006. Zuccarini does not identify the specific Third Circuit ruling to which he refers, and in any event, a decision by the Third Circuit is not binding upon the Ninth Circuit or this Court. Additionally, representations made by the FTC in the context of other litigation do not provide a basis for granting relief from this Court's or the Ninth Circuit's decision. Zuccarini also argues that the California Court of Appeal's holding in *Palacio Del Mar Homeowners Association, Inc. v. McMahon*, 95 Cal. Rptr. 3d 445 (Cal. Ct. App. 2009) undermines the decision to appoint a receiver in this district. The Ninth Circuit has already considered and rejected this argument. *See Office Depot*, 596 F.3d at 701-02. Finally, although Zuccarini vaguely references due process violations and extreme and undue hardship worked upon him by this Court's ruling, he fails to provide any explanation of these alleged violations or how they entitle him to the relief he seeks.

Zuccarini's motion for relief from judgment is therefore DENIED.

## II.     Motion to Return Domain Names

Zuccarini also seeks an order compelling the domain name registrar domaindiscount.net to return all .eu domain names to him on the ground that, because the registry and registrars for the .eu domain names are located in Europe, this Court never had jurisdiction to order transfer of the names to the receiver's control. DS Holdings does not dispute that both the registry and the registrars of the .eu domain names are located in Europe, but argues that Zuccarini's motion should be denied because the registrar domaindiscount.net has already relinquished control of the domain names to the receiver.

This Court did not order transfer of the .eu domain names to the receiver, and Zuccarini is likely correct that the Court would have lacked jurisdiction to do so. *Cf. Office Depot*, 596 F.3d at 703 ("[W]e conclude under California law that domain names are located where the registry is located for the

3

purpose of asserting *quasi in rem* jurisdiction. Although the question is not directly before us, we add that we see no reason why for that purpose domain names are not also located where the relevant registrar is located."). Because the registrar has already transferred the domain names at issue to the receiver for purposes of executing the judgment against Zuccarini, however, there is no basis to order their return to Zuccarini. The motion for return of .eu domain names is therefore DENIED.

### III. Miscellaneous Requests

In a brief sentence in the concluding paragraph of its opposition brief, DS Holdings requests an order requiring Zuccarini to obtain leave of Court before making any further filings. At the conclusion of his reply brief, Zuccarini purports to move for sanctions against DS Holdings' attorney Karl Kronenberger. Both of these unsupported requests are DENIED.

### CONCLUSION

For the foregoing reasons and for good cause shown, defendant's motion for relief from judgment and motion for return of domain names are both DENIED. (Docket Nos. 100, 101).

**IT IS SO ORDERED.**

Dated: July 12, 2010

SUSAN ILLSTON
United States District Judge

4