**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Judgment Creditor DS HOLDINGS, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OFFICE DEPOT, INC.,** a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. C-06-80356-SI<br><br>**JUDGMENT CREDITOR DS HOLDINGS, LLC'S AND INTERVENOR THE UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION TO AUTHORIZE SALE OF DOMAIN NAMES AND DISTRIBUTION OF PROCEEDS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE: August 13, 2010<br>TIME: 9:00 AM<br>CTRM: 10, 19th Floor<br><br>The Honorable Susan Illston |
| **DS HOLDINGS, LLC,** a Colorado limited liability company,<br><br>Judgment Creditor,<br><br>vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>Judgment Debtor. | |

Case No. C-06-80356-SI      DS HOLDINGS'S & U.S.'S NOT. OF MOT. & MOT. TO AUTHORIZE SALE OF DOMAINS

1  TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

2  PLEASE TAKE NOTICE THAT on August 13, 2010 at 9:00 a.m. or as soon thereafter as the matter may be heard in the above-titled Court, located in Courtroom 10, 19th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Judgment Creditor DS Holdings, LLC ("DS Holdings") and Intervenor, the United States of America ("U.S.") will move the Court to authorize the sale of the domain names in the possession of the post-judgment receiver. DS Holdings and the U.S. will also move the Court to authorize the distribution of the proceeds in the possession of the post-judgment receiver.

DS Holdings and the U.S. make this motion so that the post-judgment receiver can proceed with the sale of the approximately 116 domain names in the receiver's possession to satisfy DS Holdings's judgment against Judgment-Debtor John Zuccarini and the U.S.'s tax liens against Zuccarini, whether these obligations are satisfied in whole or in part by the sale.

This motion is based on this notice, the memorandum of points and authorities in support of this motion, the declaration of Karl S. Kronenberger in support of this motion, the declaration of Michael W. Blacksburg in support of this motion, and any additional evidence and argument that the Court may receive at or before the hearing on this motion.

DATED: July 30, 2010

| KRONENBERGER BURGOYNE, LLP | JOSEPH P. RUSSONIELLO<br>United States Attorney |
|---|---|
| By:  s/ Henry M. Burgoyne, III<br>Henry M. Burgoyne, III | By:  s/ Thomas Moore<br>Thomas Moore |
| Attorneys for Judgment Creditor,<br>DS HOLDINGS, LLC | Assistant United States Attorney<br>Tax Division<br>Attorneys for the United States of America |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On September 10, 2007, the Court appointed a post-judgment receiver to marshal Judgment Debtor John Zuccarini's domain name holdings and to sell these domain names (the "Domain Holdings") at auction to satisfy Judgment Creditor DS Holdings LLC ("DS Holdings")'s judgment against Zuccarini. While Zuccarini appealed the Court's decision, the Ninth Circuit affirmed the Court's order. The parties and the receiver are now ready to sell the Domain Holdings and to distribute the proceeds. The receiver has researched the most efficient and profitable way to sell the Domain Holdings. DS Holdings and Intervenor the United States of America ("U.S.") approve of the receiver's auction plan. Even Zuccarini has acknowledged that the proposed auction is a prominent and effective domain name auction.

Thus, DS Holdings and the U.S. ask the Court to authorize the sale of the Domain Holdings at the auction at the T.R.A.F.F.I.C. Domain Conference & Expo, in Miami, Florida, on October 19, 2010, to be held in conjunction with Latona's Brokerage & Auction House.

## BACKGROUND

On December 18, 2006, DS Holdings registered in this Court a judgment issued against Zuccarini by the United States District Court for the Central District of California (the "Judgment"). [D.E. No. 1.] In connection with DS Holdings's efforts to enforce the Judgment, the Court issued an Order Prohibiting the Transfer of, or Change of Whois Registrant Information Relating to, the Domain Name Holdings of Judgment Debtor John Zuccarini (the "Preservation Order") on February 21, 2007. [D.E. No. 9.]

Subsequently, DS Holdings applied for the appointment of a post-judgment receiver to collect and ultimately dispose of Zuccarini's Domain Holdings, with the proceeds going toward the enforcement of the Judgment. [D.E. No. 18.] The Court granted DS Holdings's request and appointed Michael W. Blacksburg as a receiver (the "Receiver") [D.E. No. 30]. Zuccarini appealed the Court's decision to the Ninth Circuit.

[D.E. 34.]

On November 14, 2007 the Court granted in part and denied in part Zuccarini's motion to stay the enforcement of the Judgment pending the disposition of Zuccarini's appeal. [D.E. No. 47.] The Court stayed the auction of the Domain Holdings until Zuccarini's appeal was resolved. However, the Court denied Zuccarini's motion to stay the transfer of the Domain Holdings to the Receiver. (*Id.*) Thus, the Court held that "the domain names shall be transferred to receiver Michael W. Blacksburg. DS Holdings, as assignee of the judgment, is entitled to any profits arising out of the domain names prior to auction." (*Id.*) That same day, the Court issued an Order Granting Receiver's Request to Lift Preservation Order, which lifted the February 21st preservation order for the sole purpose of transferring control of the Domain Holdings to the receiver. [D.E. No. 48.]

On May 16, 2008 the U.S. sought to intervene in this action as a third party creditor of Zuccarini. [D.E. No. 71.] The U.S. alleged that Zuccarini owed a great deal of money in unpaid taxes, and that the U.S. had priority over DS Holdings in receiving revenue from Zuccarini. (*Id.*) The parties subsequently stipulated to—and this Court ordered—the intervention of the U.S. [D.E. No. 98.]

On February 26, 2010, the Ninth Circuit affirmed this Court's order appointing the Receiver. [D.E. No. 86.] Zuccarini again moved the Court to stay the auction of the Domain Holdings. [D.E. No. 88.] On May 12, 2010 the Court denied Zuccarini's motion. [D.E. No. 95.] On June 15, 2010 the Court issued an order denying Zuccarini's motion for emergency relief and Network Solutions, LLC's motion to intervene. [D.E. No. 119.] In this order, the Court said, "[t]he receiver and the parties are free to agree on a procedure for auction of the approximately 116 domain names that remain in the receiver's control, subject to the Court's approval." (*id.*) During the pendency of Zuccarini's appeal and motion practice—and continuing to the present—the Domain Holdings have generated revenue, which has remained in the possession of the Receiver. (Declaration of Michael W. Blacksburg in Support of Motion to Authorize Sale

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

of Domain Names ("Blacksburg Decl.") ¶3.)

Following the entry of the Court's June 15, 2010 Order, DS Holdings and the U.S. met-and-conferred about the disposition of the Domain Holdings and the distribution of the proceeds from the Domain Holdings. (Declaration of Karl S. Kronenberger in Support of Motion to Authorize Sale of Domain Names ("Kronenberger Decl.") ¶2; Blacksburg Decl. ¶11.) Additionally, DS Holdings and the Receiver sought to meet-and-confer with Zuccarini about an appropriate procedure for the auction of the Domain Holdings, so as to maximize the sale proceeds. (Blacksburg Decl. ¶12; Kronenberger Decl. ¶3.)

After researching the industry, consulting with Zuccarini, and interviewing multiple domain name auction houses, the Receiver developed an auction strategy to maximize the proceeds from the sale of the Domain Holdings. (Blacksburg Decl. ¶¶5-9.) Specifically, the Receiver determined that the most prominent domain auction in the upcoming twenty-four months is the auction at the T.R.A.F.F.I.C. Domain Conference & Expo, in Miami, Florida, on October 19, 2010, to be held in conjunction with Latona's Brokerage & Auction House (hereinafter, the "Auctioneer"). (*Id.* ¶6.) T.R.A.F.F.I.C. is considered to be the domain industry's premier conference, attracting attendees that control over 20 million domain names with 50 million daily unique visitors. (*Id.* ¶7.) Latona's Brokerage & Auction House is considered to be one of the most prominent auction houses for valuable domain names, and is the exclusive domain name auction company for the 2010 T.R.A.F.F.I.C. Domain Conference & Expo. (*Id.* ¶8.) This auction will allow both live bidding and worldwide Internet-based bidding. (*Id.*)

With the Court's approval—and the Court's lifting of its February 21, 2007 preservation order and subsequent modification—the Receiver is prepared to enter a contract with the Auctioneer, so that the Auctioneer may market the Domain Holdings for auction at the October 19, 2010 T.R.A.F.F.I.C. conference. (Blacksburg Decl. ¶13.) The Receiver, relying upon the research and advice of the Auctioneer, will set reserve amounts for each domain name in the Domain Holdings. (*Id.* ¶10.) Any domain names

1 in the Domain Holdings that are not sold at the October 19, 2010 auction, due to the
2 reserve not being met or otherwise, will remain in the receivership and continue to be
3 monetized by the Receiver until the next appropriate auction, which may not occur until
4 2011. (*Id.* ¶13.)

**ARGUMENT**

**A.  The Court has the authority to instruct the receiver to sell the Domain Holdings and distribute proceeds.**

DS Holdings and the U.S. (collectively, the "Creditors") ask the Court to modify its February 21, 2007 preservation order and subsequent modification and to authorize the sale of the Domain Holdings by the Receiver.

A post-judgment receiver appointed under California Code of Civil Procedure section 708.620 is subject to the general provisions of receivership law regarding his or her rights and duties. Accordingly, after a receiver is appointed to enforce a judgment, he or she may: 1) carry the judgment into effect, 2) dispose of property pursuant to the judgment, 3) preserve property while the judgment is on appeal, or 4) collect and disburse interim proceeds. *See* Cal. C. Civ. P. 564(b)(3), (4); *Gold v. Gold Realty Co.*, 114 Cal. App. 4h 791, 804 (2003). Receivers are officers of the Court, and by all authority may properly ask for instructions from the court concerning the administration of the property in their hands. *See Scott v. W. Pac. R. Co.*, 246 F. 545, 546 (9th Cir. 1917).

The Creditors request that the Court: a) modify its preservation order to allow the receiver to dispose of the Domain Holdings, b) authorize the receiver to auction the Domain Holdings as soon as practicable pursuant to the method described above; c) authorize the Receiver to distribute all proceeds from the interim operation of the Domain Holdings, and from the sale by auction of the Domain Holdings, to DS Holdings and the U.S. according to their respective priority of interests, or as they may otherwise agree.

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**B. The Receiver has developed an auction strategy to maximize the proceeds from the sale of the domain names.**

The Receiver has determined that the most effective way to maximize the proceeds from the sale of the Domain Holdings is to auction the Domain Holdings at the T.R.A.F.F.I.C. Domain Conference & Expo, in Miami, Florida, on October 19, 2010, in conjunction with Latona's Brokerage & Auction House. The Creditors approve of this auction plan, as indicated by their approval below. This plan involves considerable marketing of the Domain Holdings before the auction, the use of a respected domain name auctioneer, and reasonable reserve prices set for each domain name prior to the auction based on research by industry experts. For these reasons, the Court should lift its February 21, 2007 preservation order and subsequent modification and allow the Receiver to proceed with the forgoing plan to auction the Domain Holdings.

**CONCLUSION**

For all the reasons set forth above, the Court should modify its preservation orders and authorize the sale of the Domain Holdings and the distribution of the proceeds.

DATED: July 30, 2010

| | |
|---|---|
| KRONENBERGER BURGOYNE, LLP | JOSEPH P. RUSSONIELLO<br>United States Attorney |
| By: s/ Henry M. Burgoyne, III<br>Henry M. Burgoyne, III | By: s/ Thomas Moore<br>Thomas Moore |
| Attorneys for Judgment Creditor,<br>DS HOLDINGS, LLC | Assistant United States Attorney<br>Tax Division<br>Attorneys for the United States of America |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to the General Order No. 45, section 45 X(B), for The United States District Court for the Northern District of California, I, Henry M. Burgoyne, III, hereby attest that the concurrence to the filing of this JUDGMENT CREDITOR DS HOLDINGS, LLC'S AND INTERVENOR THE UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION TO AUTHORIZE SALE OF DOMAIN NAMES AND DISTRIBUTION OF PROCEEDS; MEMORANDUM OF POINTS AND AUTHORITIES has been obtained from Thomas Moore who has provided the conformed signature above

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com