**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **OFFICE DEPOT, INC.,** a Delaware corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>            Defendant.<br><br>**DS HOLDINGS, LLC,** a Colorado limited liability company,<br><br>            Judgment Creditor,<br><br>    vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>            Judgment Debtor. | Case No. C-06-80356-SI<br><br>**[PROPOSED] ORDER GRANTING MOTION TO AUTHORIZE SALE OF DOMAIN NAMES AND DISTRIBUTION OF PROCEEDS** |

Case No. C-06-80356-SI                                **[PROPOSED] ORDER**

1  WHEREAS on December 18, 2006, DS Holdings, LLC ("DS Holdings") registered in this Court a judgment issued against John Zuccarini ("Zuccarini"), entered by the United States District Court for the Central District of California (the "Judgment"). [D.E. No. 1.]

WHEREAS in connection with DS Holdings's efforts to enforce the Judgment, the Court issued an Order Prohibiting the Transfer of, or Change of Whois Registrant Information Relating to, the Domain Name Holdings of Judgment Debtor John Zuccarini (the "Preservation Order") on February 21, 2007. [D.E. No. 9.]

WHEREAS DS Holdings subsequently applied for the appointment of a post-judgment receiver to collect and ultimately dispose of Zuccarini's domain name holdings (the "Domain Holdings"), with the proceeds going toward the enforcement of the Judgment. [D.E. No. 18.] The Court granted DS Holdings's request and appointed Michael W. Blacksburg as the receiver (the "Receiver") [D.E. No. 30].

WHEREAS Zuccarini appealed the Court's order appointing the Receiver to the United States Court of Appeal for the Ninth Circuit. [D.E. 34.]

WHEREAS on November 14, 2007 the Court granted in part and denied in part Zuccarini's motion to stay the enforcement of the Judgment pending the disposition of Zuccarini's appeal. [D.E. No. 47.] The Court stayed the auction of the Domain Name Holdings until Zuccarini's appeal was resolved. However, the Court denied Zuccarini's motion to stay the transfer of the Domain Holdings to the Receiver. The Court held that "the domain names shall be transferred to receiver Michael W. Blacksburg. DS Holdings, as assignee of the judgment, is entitled to any profits arising out of the domain names prior to auction."

WHEREAS on November 14, 2007 the Court issued an Order Granting Receiver's Request to Lift Preservation Order, which lifted the February 21st preservation order for the sole purpose of transferring control of the Domain Name Holdings to the receiver. [D.E. No. 48.]

WHEREAS on May 16, 2008 the United States of America ("U.S.") sought to

intervene in this action as a third party creditor of Zuccarini. [D.E. No. 71.] The U.S. alleged that Zuccarini owed a great deal of money in unpaid taxes, and that the U.S. had priority over DS Holdings in receiving revenue from Zuccarini. The parties subsequently stipulated to—and this Court ordered—the intervention of the U.S. [D.E. No. 98.]

WHEREAS on February 26, 2010, the Ninth Circuit affirmed this Court's order appointing the Receiver.

WHEREAS on April 20, 2010 Zuccarini again moved the Court to stay the auction of the Domain Holdings. [D.E. No. 88.] On May 12, 2010 the Court denied Zuccarini's motion. [D.E. No. 95.]

WHEREAS on June 15, 2010 the Court entered an order denying Zuccarini's motion for emergency relief and Network Solutions, LLC's motion to intervene. [D.E. No. 119.] The Court said, "[t]he receiver and the parties are free to agree on a procedure for auction of the approximately 116 domain names that remain in the receiver's control, subject to the Court's approval."

WHEREAS during the pendency Zuccarini's appeal and motion practice—and continuing to the present—the Domain Holdings have generated revenue, which revenue has remained in the possession of the Receiver except as necessary to pay the for the expenses of the receivership.

WHEREAS DS Holdings has sought to meet and confer with the Receiver, the U.S., and Zuccarini about the most efficacious way to auction the Domain Holdings and to maximize the proceeds.

WHEREAS DS Holdings and the U.S. have submitted to the Court—in the form of a noticed motion—a proposal for the mechanism by which the Receiver shall auction the Domain Holdings and maximize the proceeds.

After consideration of DS Holdings's and the U.S.'s Motion to Authorize Sale of Domain Names and Distribution of Proceeds, and good cause having been found therefore, IT IS HEREBY ORDERED AND FOUND:

1. The Court's Order Prohibiting the Transfer of, or Change of Whois Registrant Information Relating to, the Domain Name Holdings of Judgment Debtor John Zuccarini entered on February 21, 2007 [D.E. No. 1] and the Court's subsequent modification [D.E. No. 9] are hereby lifted for the sole purpose of allowing the Receiver to sell the Domain Holdings and distribute the proceeds through the procedures described in this Order.

2. As soon as practicable, the Receiver shall coordinate and enter all necessary contracts with Latona's Brokerage & Auction House to auction the Domain Holdings at the T.R.A.F.F.I.C. Domain Conference & Expo, in Miami, Florida, on October 19, 2010 or the next available domain auction of similar prominence (the "Auction").

3. As soon as practicable, the Receiver shall coordinate with the auctioneers to take commercially reasonable efforts to ensure that adequate marketing of the Auction of the Domain Holdings occurs. The Receiver shall reasonably consider all suggestions for additional marketing received from any party.

4. As soon as practicable, the Receiver shall take commercially reasonable efforts, including but not limited to consulting with industry experts, to set an appropriate reserve price for each domain name within the Domain Holdings for the Auction.

5. The Receiver shall provide notice of the reserve prices for each domain name in the Domain Holdings to all of the parties by September 19, 2010. The Receiver shall reasonably consider all suggestions to change the reserve pricing received from any party before September 26, 2010.

6. The Receiver shall take all reasonable steps to sell the Domain Holdings at the Auction and to achieve the maximum price for each domain name in the Domain Holdings.

7. As soon as practicable after the sale of the Domain Holdings—or the sale of any component of the Domain Holdings—the Receiver shall distribute the proceeds from the sale as described in Paragraph 8 of this Order.

8. The Receiver shall distribute all funds in the receivership as such funds are available, other than as necessary to operate the receivership. Such funds shall be distributed to the U.S. and D.S. Holdings according to their priority of interest, or as the U.S. and D.S. Holdings otherwise agree. For clarification, the Receiver shall distribute all funds currently in the receivership, other than as necessary to operate the receivership.

9. By November 19, 2010, the Receiver shall file with the Court a report describing the status of the Domain Holdings, any sale of the Domain Holdings at the Auction, the prices received for the Domain Holdings if they were sold, any expenses incurred in selling the Domain Holdings, and the distribution of the proceeds.

**IT IS SO ORDERED**

Dated: _____

THE HON. SUSAN ILLSTON
United States District Judge