**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Judgment Creditor DS HOLDINGS, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OFFICE DEPOT, INC.,** a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendant.<br><hr>**DS HOLDINGS, LLC,** a Colorado limited liability company,<br><br>　　　　　Judgment Creditor,<br><br>　　vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>　　　　　Judgment Debtor. | Case No. C-06-80356-SI<br><br>**DECLARATION OF POST-JUDGMENT RECEIVER, MICHAEL W. BLACKSBURG, IN SUPPORT OF MOTION TO AUTHORIZE SALE OF DOMAIN NAMES AND DISTRIBUTION OF PROCEEDS**<br><br>DATE:　August 13, 2010<br>TIME:　9:00 AM<br>CTRM:　10, 19th Floor<br><br>The Honorable Susan Illston |

Case No. C-06-80356-SI　　　　　　　　　　　BLACKSBURG DECL. ISO MOTION TO AUTHORIZE SALE OF DOMAINS

I, Michael W. Blacksburg, declare as follows:

1. I am the post-judgment receiver in the above-captioned action. Unless otherwise stated I have personal knowledge of the facts set forth in this declaration.

2. In connection with Judgment Creditor DS Holdings, LLC ("DS Holdings")'s efforts to enforce its judgment against Judgment Debtor John Zuccarini (the "Judgment"), DS Holdings applied for the appointment of a post-judgment receiver to collect and ultimately dispose of Zuccarini's domain name holdings (the "Domain Holdings"), with the proceeds going toward the enforcement of the Judgment. [D.E. No. 18.] The Court granted DS Holdings's request and appointed me as a receiver [D.E. No. 30]. Zuccarini appealed the Court's decision to the Ninth Circuit. [D.E. 34.] Following my appointment as the receiver in this matter, I marshaled Zuccarini's known Domain Holdings.

3. During the pendency of Zuccarini's appeal—and continuing to the present—the Domain Holdings have generated revenue, which revenue has remained in my possession, except as necessary to pay the expenses of the receivership.

4. On June 15, 2010 the Court issued an order denying Zuccarini's motion for emergency relief and Network Solutions, LLC's motion to intervene. [D.E. No. 119.] In this order, the Court said, "[t]he receiver and the parties are free to agree on a procedure for auction of the approximately 116 domain names that remain in the receiver's control, subject to the Court's approval."

5. Since the Court's June 15, 2010 order, I have taken efforts to research the most efficient way to sell the Domain Holdings at public auction, and the most effective way to maximize the value of the Domain Holdings.

6. Based on my research I determined that the most prominent domain auction in the upcoming twenty-four months is the auction at the T.R.A.F.F.I.C. Domain Conference & Expo, in Miami, Florida, on October 19, 2010, to be held in conjunction with Latona's Brokerage & Auction House (hereinafter, the "Auction" and/or "Auctioneer").

7. I understand T.R.A.F.F.I.C. to be considered the domain industry's premier conference, attracting attendees that control over 20 million domain names with 50 million daily unique visitors.

8. I further understand Latona's Brokerage & Auction House to be considered one of the most prominent auction houses for valuable domain names, and to be the exclusive domain name auction company for the 2010 T.R.A.F.F.I.C. Domain Conference & Expo. I understand that the auction will allow both live bidding and worldwide Internet-based bidding.

9. Based on these findings, I have concluded that the Auction is the most effective way to sell the Domain Holdings and maximize the value of each domain name sale.

10. To ensure that the sale of the Domain Holdings obtains the maximum value, I have spoken with industry leaders about setting appropriate reserve prices for each individual domain name within the Domain Holdings. By setting appropriate reserve prices, I can ensure that if an individual domain name does not generate sufficient interest at this Auction, it can be retained until the next auction of equivalent prominence and suitability.

11. I have met and conferred with DS Holdings and the Intervenor the United States of America ("U.S.") about the sale of the Domain Names. Both of these parties have approved the use of the Auction to sell the Domain Holdings with appropriate reserve prices.

12. I have also sought to meet and confer with Zuccarini about the Auction. Zuccarini acknowledged the prominence of the Auction and the suitability of the Auction to sell high-value domain names. However, Zuccarini was not willing to consent to the filing of DS Holdings and the U.S.'s motion to authorize the sale of the Domain Holdings.

13. With the Court's approval—and the Court's lifting of its February 21, 2007 protective order and subsequent modification—I am prepared to enter into a contract

1  with the Auctioneer, so that the Auctioneer may market the Domain Holdings for auction
2  at the October 19, 2010 T.R.A.F.F.I.C. conference. Relying upon the research and
3  advice of the Auctioneer and the parties, I will set appropriate reserve amounts for each
4  domain name within the Domain Holdings. Any domain names in the Domain Holdings
5  that are not sold at the October 19, 2010 auction, due to the reserve not being met or
6  otherwise, will remain in the receivership, and I will continue to monetize the Domain
7  Holdings until the next appropriate auction, or until the Court directs otherwise.

8  I declare under penalty of perjury under the laws of the United States of America
9  that the foregoing is true and correct and that this Declaration was executed on July 30,
10  2010, in San Francisco, California.

12                  s/ Michael W. Blacksburg
13                  Michael W. Blacksburg

16  **ATTESTATION OF CONCURRENCE IN FILING**

17  Pursuant to the General Order No. 45, section 45 X(B), for The United States District
18  Court for the Northern District of California, I, Henry M. Burgoyne, III, hereby attest that
19  the concurrence to the filing of this DECLARATION OF POST-JUDGMENT RECEIVER,
20  MICHAEL W. BLACKSBURG, IN SUPPORT OF MOTION TO AUTHORIZE SALE OF
21  DOMAIN NAMES AND DISTRIBUTION OF PROCEEDS has been obtained from
22  Michael W. Blacksburg who has provided the conformed signature above

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com