1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KRONENBERGER BURGOYNE, LLP**

Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Judgment Creditor DS HOLDINGS, LLC

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OFFICE DEPOT, INC.,** a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>Defendant.<br><br>─────────────────────────<br><br>**DS HOLDINGS, LLC,** a Colorado limited liability company,<br><br>Judgment Creditor,<br><br>vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>Judgment Debtor. | Case No. C-06-80356-SI<br><br>**JUDGMENT CREDITOR DS HOLDINGS, LLC'S AND THE UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION TO SHORTEN TIME FOR HEARING ON A MOTION**<br><br>DATE:          In Chambers<br>TIME:          In Chambers<br>LOCATION:  Courtroom 10, 19th Floor<br><br>The Honorable Susan Illston |

Case No. C-06-80356-SI

**DS HOLDINGS'S & U.S.'S NOT. OF MOT. & MOT. TO SHORTEN TIME**

1  TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

2  PLEASE TAKE NOTICE THAT as soon as the matter may be heard in the above-

3  titled Court, located in Courtroom 10, 19th Floor of the United States District Court for

4  the Northern District of California, located at 450 Golden Gate Avenue, San Francisco,

5  CA 94102, Judgment Creditor DS Holdings, LLC ("DS Holdings") and Intervenor the

6  United States of America (the "U.S.") will move the Court, under Local Rule 6-3, to

7  shorten the time for the hearing on DS Holdings's and the U.S.'s Motion to Authorize

8  Sale of Domain Names and Distribution of Proceeds (the "Auction Motion").

9  With the Auction Motion, DS Holdings and the U.S. have requested that the

10  Court authorize the post-judgment receiver to sell the domain name holdings in his

11  possession at the auction occurring at the T.R.A.F.F.I.C. Domain Conference & Expo, in

12  Miami, Florida, on October 19, 2010, to be held in conjunction with Latona's Brokerage

13  & Auction House (the "Auction").  DS Holdings and the U.S. make this motion to shorten

14  time so that the post-judgment receiver can maximize the amount of time he can spend

15  marketing the domain name holdings in his possession before the Auction.

16  This motion is based on this notice, the memorandum of points and authorities in

17  support of this motion, the declaration of Jeffrey M. Rosenfeld in support of this motion,

18  and any additional evidence and argument that the Court may receive at or before the

19  hearing on this motion.

20

21  DATED: July 30, 2010

22

23  KRONENBERGER BURGOYNE, LLP        JOSEPH P. RUSSONIELLO
                                      United States Attorney
24

25  By:    s/ Henry M. Burgoyne, III        By:    s/ Thomas Moore

26          Henry M. Burgoyne, III                  Thomas Moore

27  Attorneys for Judgment Creditor,      Assistant United States Attorney
    DS HOLDINGS, LLC                      Tax Division
28                                        Attorneys for the United States of America

Case No. C-06-80356-SI        1        DS HOLDINGS'S & U.S.'S NOT. OF MOT. &
                                        MOT. TO SHORTEN TIME

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### Efforts to Obtain Stipulation to Motion

3

4

5

6

7

8

9

Prior to filing this motion, counsel for Judgment Creditor DS Holdings LLC ("DS Holdings") made multiple efforts to contact Judgment Debtor John Zuccarini by email to determine if he would stipulate to the motion. (Declaration of Jeffrey M. Rosenfeld in Support of Motion to Shorten Time ("Rosenfeld Decl. ¶¶3-4 & Exs. A-B.)  Email has been the primary means of communication between DS Holdings and Zuccarini throughout this litigation. (*Id.* ¶2.)  Despite DS Holdings's efforts to confer with Zuccarini, DS Holdings received no response. (*Id.* ¶5.)

10

### Nature of the Underlying Dispute

11

12

13

14

15

16

17

18

19

20

21

On September 10, 2007, the Court appointed a post-judgment receiver to marshal Judgment Debtor John Zuccarini's domain name holdings and to sell these domain names (the "Domain Holdings") at auction to satisfy DS Holdings's judgment against Zuccarini.  Concurrently with this motion, DS Holdings and Intervenor the United States of America ("U.S.") (collectively, the "Creditors") have filed a motion to authorize the sale of the Domain Holdings and the distribution of the proceeds (the "Auction Motion").  In the Auction Motion, the Creditors request that the Court authorize Michael Blacksburg, the post-judgment receiver (the "Receiver") to sell the Domain Holdings at the auction occurring at the T.R.A.F.F.I.C. Domain Conference & Expo, in Miami, Florida, on October 19, 2010, to be held in conjunction with Latona's Brokerage & Auction House.

22

23

24

25

26

DS Holdings, the U.S., and the Receiver all support the Auction Motion.  The Receiver has conferred with Zuccarini about the Auction Motion, and Zuccarini has acknowledged that the Auction is a prominent and suitable venue to sell high-value domain names.  Nonetheless, Zuccarini has refused to stipulate to the Auction Motion or this motion.

27

### Previous Time Modifications in the Case

28

There have not been any previous time modifications in this case.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. C-06-80356-SI

2

DS HOLDINGS'S & U.S.'S NOT. OF MOT. & MOT. TO SHORTEN TIME

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**The Reasons for the Requested Shortened Time**

The Creditors request a shortened hearing schedule on the Auction Motion to maximize the amount of time that can be spent marketing the Auction of the Domain Holdings.  If the Court authorizes the sale of the Domain Holdings at the Auction, an extended pre-Auction period will allow the Receiver to finalize the arrangements with the auction house, set appropriate reserve prices for the individual domain names, and engage in robust promotion of the Domain Holdings.  If the Auction Motion is heard on a regular hearing schedule, the Receiver will be left with only a limited amount of time to do these things.  It is in all of the parties' interest to maximize the proceeds from the sale of the Domain Holdings, and robust marketing will be an important part of accomplishing this.  The need for a shortened hearing schedule is compounded by the fact that if the Receiver is not able to sell the Domain Holdings at the Auction, it is unlikely that another domain name auction of similar prominence and suitability will occur for at least a year.  (Declaration of Michael W. Blacksburg in Support of Motion to Authorize Sale of Domain Names and Distribution of Proceeds ("Blacksburg Decl.") ¶6.)

**Harm Will Result if the Hearing Schedule Is not Shortened**

If the Court does not shorten the hearing schedule, the Court will not be able to hear the Auction Motion until early to mid September.  Even assuming that the Court is able to rule on the Auction Motion quickly, the Receiver will be left with less than a month to contract with the auction house, set the reserve prices, and promote the sale of the Domain Holdings.  All of the parties' interests will be better served by an enlarged pre-Auction period.  Thus, the Creditors request that the Court shorten the hearing time on the Creditors' Auction Motion, so that the Receiver can maximize the amount of time that can be spent promoting the sale of the Domain Holdings before the Auction.

**A Shortened Hearing Schedule Will Not Affect This Matter**

Because this is purely a judgment enforcement matter, a shortened hearing schedule will not affect any traditional pre-trial practices such as discovery, expert

1  disclosures, or dispositive motion. In fact, it is unlikely that shortened hearing schedule

2  will have any effect on the ultimate resolution and closure of this matter.

3  **CONCLUSION**

4  For all the reasons set forth above, the Court should set a shortened hearing

5  schedule on the Creditors' motion to authorize the sale of the Domain Holdings and the

6  distribution of the proceeds.

7

8  DATED: July 30, 2010

9

10  KRONENBERGER BURGOYNE, LLP      JOSEPH P. RUSSONIELLO
                                          United States Attorney

11

12  By:     s/ Henry M. Burgoyne, III      By:      s/ Thomas Moore

13           Henry M. Burgoyne, III                  Thomas Moore

14  Attorneys for Judgment Creditor,        Assistant United States Attorney
    DS HOLDINGS, LLC                         Tax Division

15                                              Attorneys for the United States of America

16

17  **ATTESTATION OF CONCURRENCE IN FILING**

18  Pursuant to the General Order No. 45, section 45 X(B), for The United States District

19  Court for the Northern District of California, I, Henry M. Burgoyne, III, hereby attest that

20  the concurrence to the filing of this JUDGMENT CREDITOR DS HOLDINGS, LLC'S

21  AND THE UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION TO

22  SHORTEN TIME FOR HEARING ON A MOTION has been obtained from Thomas

23  Moore who has provided the conformed signature above

24

25

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com