1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KRONENBERGER BURGOYNE, LLP**

Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Judgment Creditor DS HOLDINGS, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **OFFICE DEPOT, INC.,** a Delaware corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>          Defendant.<br><br>---<br><br>**DS HOLDINGS, LLC,** a Colorado limited liability company,<br><br>          Judgment Creditor,<br><br>     vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>          Judgment Debtor. | Case No. C-06-80356-SI<br><br>**JUDGMENT CREDITOR DS HOLDINGS, LLC'S REPLY IN SUPPORT OF MOTION TO AUTHORIZE SALE OF DOMAIN NAMES AND DISTRIBUTION OF PROCEEDS**<br><br>DATE:    August 13, 2010<br>TIME:     9:00 AM<br>CTRM:   10, 19th Floor<br><br>The Honorable Susan Illston |

*KRONENBERGER BURGOYNE, LLP*
*150 Post Street, Suite 520*
*San Francisco, CA 94108*
*www.KBInternetLaw.com*

**DS HOLDINGS'S REPLY IN SUPPORT OF MOT. TO AUTHORIZE SALE OF DOMAINS**

**INTRODUCTION**

Zuccarini will do virtually anything to derail the sale of the domain names in the possession of the post-judgment receiver (respectively, the "Domain Holdings" and the "Receiver"). Zuccarini's opposition to the motion is not only meritless, but is a transparent effort by Zuccarini to delay the sale of the Domain Holdings.

Judgment Creditor DS Holdings, LLC ("DS Holdings"), Intervenor and Creditor the United States of America ("U.S.") and the Receiver all support the motion to authorize the sale of the Domain Holdings and to distribute the proceeds (the "Auction Motion"). Of course, Zuccarini opposes the Auction Motion. However, Zuccarini fails to provide any reason that the proposed method for selling the domain names will not be effective. To the contrary, the Receiver has concluded, after consultation with industry experts, that the proposed auction will be the most advantageous method for selling the Domain Holdings.

The Court should grant DS Holdings and the U.S. (collectively, the "Creditors")'s motion to authorize the sale of the domain holdings and the distribution of the proceeds.

**ARGUMENT**

**A.    Zuccarini's arguments regarding the effectiveness of the proposed auction are not persuasive or material.**

Zuccarini opposes the Auction Motion, primarily on the ground that he doesn't think that the domain name auction occurring at the T.R.A.F.F.I.C. Domain Conference and Expo on October 19, 2010 (the "Auction") will result in the highest sale price for the Domain Holdings. However, Zuccarini provides little—if no evidence—to support this contention. In fact, the only argument that Zuccarini makes is that because the Auction is a closed event, it will not have the same number of potential bidders as an open auction. Zuccarini's logic is misplaced. Specialty auctions that require a bond or other prerequisite typically generate a higher sales price than an open auction. This is basic tenet of auction economics. If Zuccarini's logic were accurate, everybody who had a good to sell would auction it on eBay.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

More importantly, the Receiver, DS Holdings, and the U.S. have all researched the Auction and determined that it is the best way to maximize the proceeds from the Domain Holdings.  The Receiver sought Zuccarini's input as a courtesy.  The Receiver had no obligation to request Zuccarini's approval or to provide Zuccarini with his research or proposals.  And Zuccarini certainly has no authority to control the sale of the Domain Holdings.

The Court has broad authority to approve the Receiver's sale of the Domain Holdings and to direct the manner in which the sale is to be conducted.  *See People v. Stark*, 131 Cal. App. 4th 184, 205 (2005).  The Court's decision should be exercised in view of the surrounding facts and circumstances and in the interest of fairness, justice and the rights of the respective parties.  *See id.*  The Court must balance the need to maximize the price to the receivership against the rights or reasonable expectations of all other interested persons, on a case-by-case basis.  *See Id.*

The Receiver, DS Holdings, and the U.S. all support the sale of the Domain Holdings at the Auction.  The Court should order the same.

**B.      Zuccarini's arguments regarding the priorities of his creditors are irrelevant to this proceeding.**

In the Auction Motion and the proposed order, DS Holdings and the U.S. ask the Court to order the Receiver to distribute the proceeds of the Domain Holdings according to their priority or as they otherwise agree.  Despite this request, Zuccarini argues that he is not aware of the priorities of his creditors, presumably as relate to the U.S. and DS Holdings.  However, it is not the Creditors' responsibility to update Zuccarini on their priority of interests, and in any case, it certainly does not affect the Auction Motion.  Finally, as requested in the Auction Motion, Zuccarini will receive a report on the sale of the Domain Names and the distribution of the proceeds from the Receiver.

//

//

//

1

**CONCLUSION**

2          For all the reasons set forth above, the Court should modify its preservation

3 orders and authorize the sale of the Domain Holdings and the distribution of the

4 proceeds.

5

6 DATED: August 3, 2010                    KRONENBERGER BURGOYNE, LLP

7

8                                         By: _____s/ Henry M. Burgoyne, III_____

9                                              Henry M. Burgoyne, III

10                                        Attorneys for Judgment Creditor,
                                          DS HOLDINGS, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com