John Zuccarini,
190 SW Kanner Highway
Stuart, FL  34997
(772) 631-3887

Pro Se Defendant



FILED
2010 AUG 10 P 12:45
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT...

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA,
San Francisco Division

| | |
|---|---|
| OFFICE DEPOT, INC, a Delaware Corporation<br>Plaintiff,<br><br>v<br><br>JOHN ZUCCARINI, individually and d/b/a COUNTRY WALK<br>Defendant | CASE NO.: C-06-80356-SI<br><br>DEFENDANT'S BRIEF IN OPPOSITION TO:<br><br>DS HOLDINGS, LLC. APPLICATION FOR CONTEMPT OF COURT AGAINST JOHN ZUCCARINI |
| DS HOLDINGS, LLC, a Colorado Limited Liability Company;<br>Assignee<br><br>v<br><br>JOHN ZUCCARINI, individually and d/b/a COUNTRY WALK<br>Defendant | JOHN ZUCCARINI'S APPLICATION FOR CONTEMPT CHARGES TO BE LEVIED AGAINST RECEIVER MICHAEL BLACKSBURG AND DS HOLDINGS, AND TO REMOVE BLACKSBURG AS RECEIVER<br><br>DATE: September 10, 2010<br>TIME: 9:00 a.m.<br>CTRM: 10, 19th Floor<br>The Honorable Susan Illston |

1

## BRIEF IN OPPOSITION

COMES NOW, John Zuccarini who files ***Brief in Opposition and Objection to DS Holding's Application for Contempt of Court Against John Zuccarini.*** In support of Mr. Zuccarini's Opposition and Objection Mr. Zuccarini states the following. Although DS Holdings suddenly is titled as "Judgment Creditor" the title is falsum, and Mr. Zuccarini Objects to a misleading, change from "Assignee" to "Judgment Creditor".

## QUASI IN REM

The matter of the Domain Names has been a "quasi in rem" action, this Court's jurisdiction is over the domain names. Mr. Zuccarini Objects to, and Opposes the intention of the assignee, and this Court should sanction those that it does have control over. Specifically DS Holdings' attorney Kronenberger and Receiver Blacksburg, who together have a client/attorney relationship.[1] This Court did not appoint the receiver, the Court allowed the assignee to appoint the receiver (Doc.137,pg.1@26-28) ("Court granted ex parte application of assignee DS Holdings to appoint a receiver ")

Because the action has been quasi in rem, the parties have not considered Mr. Zuccarini, his opinion, or whether or not the debt is ever satisfied. Blacksburg has not once had to explain where any of the proceeds have gone, has managed to squander between sixty and eighty thousand dollars due to carelessness, and this court has

---

[1] ***Hoang et al v. Reunion.com Inc***, Case No. 3:08-cv-03518, Ca. N.D. a case that was filed 07/23/2008 and is still ongoing.

allowed it.

The assignee claims in *Reply in Support to Authorize Sale of Domain Names and Distribution of Proceeds* (Doc.146, pg.3 @3-6) assignee clearly states that "Receiver sought Zucarrini's input as a courtesy" which is perjury, and never happened. But the assignee quickly also points out that receiver had no obligation towards Mr. Zuccarini and that Mr. Zuccarini has no authority over the sale (Doc. 146, pg. 3 @3-6). In contrary to the statement "Receiver sought Zucarrini's input as a courtesy" the assignee then claims "not only did Zuccarini refuse to work with the Receiver or the parties".

Then suddenly, all the opposing parties are in a big hurry to auction the domain name, many of which this Court lacked jurisdiction, authority and venue to allow Blacksburg to keep. Blacksburg committed fraud upon the court to get the non .com and non .net domain names, then the illegal act of conversion grew into a conspiracy and further fraud upon the court to get a ruling allowing Blacksburg to keep domain names that he literally committed an illegal act to obtain.

"If a court's jurisdiction is based on its authority over the defendant's person, the action and judgment are denominated "in personam" and can impose a personal obligation on the defendant in favor of the plaintiff. If jurisdiction is based on the court's power over property within its territory, the action is called "in rem" or "quasi in rem." The effect of a judgment in such a case is limited to the property that supports

3

jurisdiction and does not impose a personal liability on the property owner, since he is not before the court.[17]" **Shaffer v. Heitner**, 433 US 186 - Supreme Court 1977

"A judgment in rem affects the interests of all persons in designated property. A judgment quasi in rem affects the interests of particular persons in designated property. The latter is of two types. In one the plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons. In the other the plaintiff seeks to apply what he concedes to be the property of the defendant to the satisfaction of a claim against him. Restatement, Judgments, 5-9." **Hanson v. Denckla**, 357 U. S. 235, 246 n. 12 (1958).

In the following paragraphs, Defendant will address each of the documents filed by the opposing parties on Friday July 30, 2010.

## DSH MEMORANDUM [2]

Amazingly, in abstract from the fact that CA codes concerning Writs, Receivers, and intangible property have been continually violated, DSH states: "On September 10, 2007, the Court appointed a post-judgment receiver to marshal...." [3]

Then DSH, again tells an outright lie to the court, pg. 2@11-12: "Even Zuccarini has acknowledged that the proposed auction is a prominent and effective

---

[2] Notice of Motion and Motion to Authorize Sale of Domain Names and Distribution of Proceeds; Memorandum of Points and Authorities filed July 30, 2010

[3] CAL. CCP. CODE § 680.260 : "Levying officer" means the sheriff or "marshal". Violating the CA codes, then referring to the act of levying as "marshal", will not help to make it appear that this code was not violated, or to hide the fact that numerous illegal acts were performed.

4

domain name auction." To the contrary, Mr. Zuccarini has expressed that it would be the worst possible avenue to auction the domain names. As an officer of the court, the perjury results in a fraud upon the court.

Defendant OBJECTS to the lie DSH has told and moves to have this whole pleading quashed and stricken from the record. DSH, ever since this matter was brought before this Court, has made libelous, slanderous, immaterial statements and this Court has stood idly by and allowed it. Now, DSH has resorted to outright lying.

DSH mentions the fact that the Domain Names produce revenue, but fails to mention how much. "...the Domain Holdings have generated revenue, which has remained in the possession of the Receiver. (Declaration of Michael W. Blacksburg in Support of Motion to Authorize Sale of Domain Names ("Blacksburg Decl.") ¶3.)" (pg.3@26).

DSH further neglects to state that Blacksburg to date has not presented the accounting of assets that is necessary under CA code, and that this Court had Ordered that Blacksburg must supply Defendant with.(Doc.95,pg.2@5-25) Blacksburg is in contempt of a Court Order, as he has provided Mr. Zuccarini with only a incomplete report of information related to the revenues and none of the costs incurred.

CAL. CCP. CODE § 699.560:
> (a) ...the levying officer <u>to whom the writ of execution is delivered shall return the writ to the court, together with a report of the levying officer's actions and an accounting of amounts collected and costs incurred, at the earliest of the following times:</u>
> **(1) Two years from the date of issuance of the writ.**

5

(2) Promptly after all of the duties under the writ are performed.
**(3) When return is requested in writing by the judgment creditor.**
(4) If no levy takes place under the writ within 180 days after its issuance, promptly after the expiration of the 180-day period.

DSH further neglects to state that Blacksburg illegally transferred to an account in his own name, Defendant's Domain Names that were registered in Europe and this Court admitted to lack jurisdiction over. DSH also fails to state that Blacksburg had already cost Defendant around Eighty Thousand Dollars toward the alleged judgment and the tax debt. According to CA code, the Court is supposed to see to it that the Receiver deposits enough security into the Court, to cover just this sort of incident. Defendant OBJECTS to the missing Eighty Thousand Dollars ($80,000) and this Court should have already *sua sponte* made arrangements for either Blacksburg, NameJet, or NSI to cover the amount squandered away from the alleged judgment.

DSH, then admits that following "the Court's June 15, 2010 Order, that DSH, US/IRS, and Blacksburg all met and conspired on the auctioning, division, and distribution of the proceeds from the Domain Name holdings. Domain Names that have income of almost Seventy Thousand Dollars ($70,000.00) annually should not be sold, they should be allowed to continue creating revenue, and that would make it possible to have the alleged Office Depot judgment satisfied.

With the Eighty Thousand Blacksburg lost, and the Seventy Thousand that the Domain Names created in the last year, the total comes to ONE HUNDRED FIFTY

6

THOUSAND DOLLARS. So Defendant fails to understand the problem. In less than six months, the alleged judgment to Office Depot would be satisfied.

## **CONTEMPT CHARGES**

While it may prove extremely difficult to have Contempt of Court charges levied against someone who is not a party to an action, due to the action being quasi in rem, and because the personal jurisdiction is wanting, the Court can and should take care that the parties for which the court is responsible, conducts themselves by and within the law and in an orderly fashion. Further, this Court has not Ordered Mr. Zuccarini to do anything, contrary to the frivolous claims made by DSH in their Contempt Motion. (Doc.149,pg.3@26-28.

Further, Mr. Zuccarini is not an opposing party. Quasi in rem is against the property, not the party. How quickly these assignees forget this information is amazing.

DSH goes on with "threatened to sue both the auctioneer and the conference hosting the auction…" (Doc.149,pg.4@21-23) Perhaps, DSH should have considered the proposition more closely before requesting that an attorney that had represented Mr. Zuccarini while Office Depot was in the process of allegedly suing him, became involved with the auction. It was not a mere threat, it was in fact a promise. Mr. Zuccarini was giving notice of a fact in order to prevent unnecessary action.

Mr. Zuccarini has not taken the time to count the number of times that DSH

states that Mr. Zuccarini has disobeyed, a court order directed to Mr. Zuccarini. It appears to be on every page. There has been no court order directed to Mr. Zuccarini about anything. Mr. Zuccarini is clearly not in contempt of anything. And the matter has been quasi in rem as stated multitudes of times during the action before this court.

The cases cited by the assignees, are cases in which the party charged with contempt were properly before the Court. *United States v. Bright*, 596 F.3d 683, 695-96 (9th Cir. 2010)[4] the district court subsequently found the party in contempt for failing to produce the documents, in response to IRS Summons. *Whitaker Corp. v/ Execuair Corp.* is every bit as unavailing, there was a contempt of a Court Order directed to the party in 1987, and five years later, the party was in contempt of an Order directed at that party.

In fact not one of the cases cited by DS Holdings, had anything to do with a quasi in rem proceeding, which would be necessary considering the action before this Court. As explained previously, in rem and quasi in rem are actions against the property, not the party. Thus the main reason that this Court claimed to have jurisdiction over the property, the false claims about Verisign, yet Verisign had not been, and would never be contacted by assignee. It has been a big scam to convert Mr. Zuccarini's property for an alleged judgment gained by Office Depot who too lacked jurisdiction for an action brought in the improper venue.

---

[4] Doc.149,pg.6@6

8

## ATTORNEYS FOR FOR DS HOLDINGS REPRESENT RECEIVER BLACKSBURG IN CURRENT LITIGATION

The Court should also be made aware, as it has recently come to my attention of the fact that the attorney's for DSH, without regard to appearances or ethical standards as it relates to this case, currently represent the receiver Michael Blacksburg as a plaintiff, in ongoing litigation in the Northern District of California.

Attorney's for DSH, Karl Kronenberger, Henry Burgoyne and Jeffrey Rosenfeld are all listed as attorney's of record for, Hoang et al v. Reunion.com Inc., (3:08-cv-03518-MMC) and in the appeal in the Ninth Circuit for, Violetta Hoang, et al v. Reunion.com, Inc. (10-80129), both cases in which Blacksburg appears as a plaintiff.

There is no doubt from the beginning of this action that the receiver Michael Blacksburg has been nothing but an advocate for DSH, from not notifying the Internal Revenue Service at the commencement of the case as he was legally bound to do, to not providing revenue reports as is required by law, until forced to by this Court's order to do so, albeit the revenue reports filed are found to be incomplete. In these actions Blacksburg has ignored the duties of a receiver as required by the law to conduct himself as a neutral party in all matters of the case.

Now as the Court becomes aware of the representation of the receiver Michael Blacksburg by the attorney's for DSH, a relationship that can only bias Blacksburg towards DSH, it is time for the Court to intervene and end the appointment of Michael Blacksburg as the receiver.

## CONCLUSION

There is only one conclusion that this Court can reach. That Mr. Zuccarini is in contempt of nothing.

Further, Mr. Zuccarini demands that this Court take the appropriate steps it is obligated to take and levy contempt charges against DS Holdings, and Blacksburg, in addition to removing Blacksburg as the appointed receiver, as they all have continually perpetrated a fraud upon this Court, and ignored court orders directed to them.

Respectfully submitted, this 6th day of August, 2010.

*[signature]*

JOHN ZUCCARINI, Pro Se
190 SW Kanner Highway
Stuart, FL 34997
(772) 631-3887
Defendant

# CERTIFICATE OF SERVICE

I hereby Certify that I have this 6th day of August, 2010 served upon the Plaintiffs, a true and correct copy of foregoing Amended Notice of Appeal, through their attorney on file by causing to be deposited with the USPS, First Class Mail, proper postage affixed thereto, and addressed as follows:

Thomas Moore
U.S. Attorney's Office
450 Golden Gate Avenue, 10th Floor
Box 36055
San Francisco, CA 94102

Karl Kronenberger
Jeffrey Rosenfeld
Henry Burgoyne
Kronenberger Burgoyne, LLP
150 Post Street
Suite 520
San Francisco, CA 94108

Michael Devries
Latham & Watkins LLP
650 Town Center Dr 20Fl
Costa Mesa, CA 92626

Michael Blacksburg
315 Noe Street
San Francisco, CA 94114

*[signature]*
John Zuccarini, Pro Se

11