1 John Zuccarini
2 190 SW Kanner Highway
   Stuart, Florida 34997
3 (772) 631-3887

4 Pro Se Defendant

**FILED**

2010 AUG 13 A 11: 18

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NOTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| OFFICE DEPOT INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN ZUCCARINI, individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive, <br><br> Defendants. <br><br> DS HOLDINGS, LLC a Colorado limited liability company, <br><br> Assignee, <br><br> vs. <br><br> JOHN ZUCCARINI, individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. C-06-80356-SI <br><br> 1. SUPPLEMENT TO ZUCCARINI'S OPPOSITION AND MOTIONS OF 8/3/2010. (DOCKET # 152) AND REPSONSE FOR 8/13/2010. <br><br> 2. MOTION TO DISALLOW AUCTION OF DOMAIN NAMES BASED ON, HOWARD NEU, CO-OWNER AND ORGANIZER OF T.R.A.F.F.I.C DOMAIN CONFERENCE AND EXPO REPRESENTED DEFENDANT ZUCCARINI IN OFFICE DEPOT SUIT. |

## INTRODUCTION

As Henry Burgoyne appears to be a fan of eBay, that is not really relevant here, as my statement to the court did not reference eBay as an auctioneer of domain names, but rather Sedo.com and SnapNames.com.

Burgoyne claims in themselves are meritless and without facts to substantiate them.

Not only has DS Holdings ("DSH") purposely misrepresented my statements to the Court, but DSH presents the Court with assurances that the research done by the Receiver and DSH have determined the most advantageous method of auctioning domain names to be T.R.A.F.F.I.C Domain Conference and Exp, and that simply is not true.

T.R.A.F.F.I.C Domain Conference and Expo is a minor player hardly appearing on the board in the field of domain name auctioneers.

A serious circumstance also exits, in that Howard Neu, an attorney and co-owner and organizer of T.R.A.F.F.I.C Domain Conference and Expo, represented me as the defendant in the Office Depot case. It goes without saying that this presents a most serious conflict as my former attorney puts himself into position to profit from representing the financial interests of the Plaintiff in the same case.

**A. T.R.A.F.F.I.C Domain Conference and Expo is Demonstratively Unqualified to Auction the Domain Names.**

It is Burgoyne's upside down logic that becomes evident in it's reasoning, as a review of the top three hundred (300) sales of domain names for the year of 2010 on the web site dnjournal.com, an acknowledged and respected source of domain name sale information, show the T.R.A.F.F.I.C Domain Conference and Expo to have participated in only two of those top three hundred (300) sales as of August 12, 2010.

Those two sales being, xyz.com, listed as tied for #87 in *"DN Journal's 2010 YTD Top 100 Sales Chart"* and the domain name yt.net, tied for #87 in *"DN Journal's Global Contenders YTD Top 100"* as it appears on the web page http://dnjournal.com/ytd-sales-charts.htm.

These facts in themselves demonstrate that Burgoyne's theory of a closed auction providing the best platform to auction the domain names to be incorrect. Burgoyne's claim

that specialty auctions as they relate to domain names is not backed up by the information provided by dnjournal.com, and Burgoyne has not provided any prove that what he states is accurate.

**B. Co-Owner and Organizer of T.R.A.F.F.I.C Domain Conference and Expo, Howard Neu represented Defendant Zuccarini in Office Depot Suit.**

The fact that DSH and Howard Neu would even consider having the T.R.A.F.F.I.C Domain Conference and Expo sponsor an auction for the domain names is unconscionable.

Howard Neu represented me as the defendant in the Office Depot suit filed in 2000 in the Central District of California. (Case #: 8:00-cv-00406-AHS-AN). Although his name does not appear on the Pacer web site, he had contacted by telephone the attorney representing Office Depot at the time in hopes of reaching a settlement, an agreement to settle though did not occur. A entry on the Pacer site for the Office Depot case shows that on December 13, 2000 an affidavit being sent to the Court but returned to the attorney. The attorney referenced in that docket entry is Howard Neu. The affidavit was returned because Howard had not used lined number paper for his filing to the court.

In consideration of this, on August 4, 2010 I wrote an email to Howard Neu stating my objections to him sponsoring the proposed auction, by which he would profit in representing the Plaintiff Office Depot, that I believed such conduct to be unethical.

Respectfully submitted this 12th day of August, 2010.

By: /s/ John Zuccarini
John Zuccarini
Pro Se Defendant

3