**KRONENBERGER BURGOYNE, LLP**

Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Judgment Creditor
DS HOLDINGS, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OFFICE DEPOT, INC.,** a Delaware corporation,<br><br>       Plaintiff,<br><br>     vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>       Defendant. | Case No. C-06-80356-SI<br><br>**JUDGMENT CREDITOR DS HOLDINGS, LLC'S RESPONSE TO ZUCCARINI'S CONTENTIONS RE: CONFLICT OF INTEREST** |
| **DS HOLDINGS, LLC,** a Colorado limited liability company,<br><br>       Judgment Creditor,<br><br>     vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>       Judgment Debtor. | |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Judgment Creditor DS Holdings, LLC ("DS Holdings") responds to the Court's August 25, 2010 Order Directing DS Holdings and United States to Respond to Zuccarini's Contentions Re Conflict of Interest.

## INTRODUCTION

The supposed conflict of interest raised by Judgment Debtor John Zuccarini is a phantom. And even if the alleged conflict had any basis—and it does not—the issue has been mooted. With his multiple threats, Judgment Debtor John Zuccarini has scared Howard Neu and the T.R.A.F.F.I.C. conference from getting involved in the auction of the domain holdings. Thus, the T.R.A.F.F.I.C. conference and Howard Neu are out of the picture.

This is precisely the result that Zuccarini wanted, not because the T.R.A.F.F.I.C. conference wouldn't have brought prominence to the sale of the domain holdings. Rather, Zuccarini wanted the T.R.A.F.F.I.C. conference out because Zuccarini will do anything to delay or derail the auction of the domain holdings. And this is precisely why DS Holdings, LLC has asked the Court to find Zuccarini in contempt and to prevent him from further interfering with the auction.

Concurrently with the filing of this response, DS Holdings has filed an amended motion to authorize the sale of the domain holdings, which removes any association between the T.R.A.F.F.I.C. Domain Conference & Expo and the auction. Even though the T.R.A.F.F.I.C. conference would have highlighted the auction and bolstered the sales, Zuccarini would cut off his nose to spite his face. Zuccarini would rather threaten the proposed auctioneers than work with them to maximize the sales. Enough is enough. The Court should grant DS Holdings's amended motion to authorize the sale of the domain holdings and find Zuccarini in contempt.

## BACKGROUND

On July 30, 2010, DS Holdings and Intervenor the United States of America (collectively, the "Creditors") filed a Motion to Authorize Sale of Domain Names and Distribution of Proceeds (the "Auction Motion"). In the Auction Motion, the Creditors

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    asked the Court to authorize Michael Blacksburg, the post-judgment receiver (the

2    "Receiver") to auction the domain holdings at the auction occurring at the T.R.A.F.F.I.C.

3    Domain Conference & Expo, in Miami, Florida, on October 19, 2010 to be held in

4    conjunction with Latona's Brokerage & Auction House.

5       On or around August 12, 2010 Zuccarini filed a Supplement to Zuccarini's

6    Opposition and Motions of 8/3/2010 (the "Auction Opposition"). In the Auction

7    Opposition, Zuccarini claimed that Howard Neu, a co-owner of the T.R.A.F.F.I.C.

8    conference had a conflict in interest because Neu had represented Zuccarini in the

9    lawsuit that gave rise to the judgment at issue in this action.

10       On August 25, 2010, the Court entered an order directing the Creditors to file a

11    response to Zuccarini's contentions regarding the alleged conflict of interest.

12                                **ARGUMENT**

13       As an initial matter, no conflict of interest exists between Neu's limited assistance

14    to Zuccarini in a prior action on the one hand and Neu's indirect participation in the

15    auction of the domain holdings on the other hand. As Zuccarini states, Neu provided

16    limited assistance to Zuccarini in the lawsuit that gave rise to the judgment at issue.

17    Specifically, Neu helped Zuccarini with drafting a declaration, which was never filed.

18    Neu himself never made an appearance in this matter, never filed any documents in this

19    matter, and never made any arguments in this matter. There is no conceivable conflict

20    between Neu's role in the prior matter and the efforts of the T.R.A.F.F.I.C. conference to

21    promote the sale of the domain holdings. In fact, Neu, Zuccarini, the Creditors, and the

22    T.R.A.F.F.I.C. conference all share the same interest: to maximize the prices for the

23    domain holdings. Zuccarini has not identified any potential or actual conflict of interest,

24    failing to explain how Neu's connection to the T.R.A.F.F.I.C. conference would be

25    adverse to Neu's prior role. Rather, Zuccarini simply threw out the term "conflict" in yet

26    another attempt—in an ever increasing list of attempts—to derail the sale of the domain

27    names.

28    //

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    Significantly, this entire discussion has become moot.  As a direct result of

2    Zuccarini's threats, Neu and the T.R.A.F.F.I.C. conference have decided not participate

3    in the auction of the domain holdings.  Even though no conceivable conflict exists,

4    Zuccarini's threats have had their intended effect:  to further delay the auction of the

5    domain holdings.  Oddly, Zuccarini's tactics have negatively affected Zuccarini.  An

6    association with the T.R.A.F.F.I.C. conference would have provided a better opportunity

7    to maximize the sale of the domain holdings.  Yet, Zuccarini would rather delay the

8    auction than maximize the sales from his domain holdings.

9    Despite Zuccarini's threats, and despite the absence of the T.R.A.F.F.I.C.

10   conference, Latona's Brokerage & Auction House is still willing to serve as the

11   auctioneer for the domain holdings.  While the association with the T.R.A.F.F.I.C.

12   conference would have brought additional attention to the sale, Latona's Brokerage &

13   Auction House is a preeminent domain sales venue and an appropriate forum to auction

14   the domain holdings.  Thus, DS Holdings has submitted, concurrently with this

15   response, an Amended Notice of Motion and Motion to Authorize Sale of Domain

16   Names and Distribution of Proceeds and an Amended Proposed Order.  These papers

17   remove the T.R.A.F.F.I.C. conference's and Neu's involvement in the auction.

18   It should not be forgotten that with his unfounded claims, Zuccarini is achieving

19   exactly what he had hoped for:  to further delay the auction of the domain holdings.

20   One would assume that Zuccarini would cooperate with the Creditors to maximize the

21   sale of the domain holdings.  Instead, Zuccarini has taken every step to derail the

22   auction, including but not limited to threatening those involved in the anticipated auction.

23   It is for precisely this reason that DS Holdings has asked the Court to find Zuccarini in

24   contempt and to prevent him from further interfering in the auction.

25                                    **CONCLUSION**

26   For all of the reasons set forth above, the Court should grant DS Holdings's

27   amended motion to authorize sale of domain names and distribution of proceeds.

28   //

1  Additionally, the Court should find Zuccarini in contempt of Court and impose an
2  appropriate protective sanction.
3
4  DATED: September 3, 2010                    KRONENBERGER BURGOYNE, LLP
5
6                                             By:  ___s/Karl S. Kronenberger_____
7                                                  Karl S. Kronenberger
8                                             Attorneys for Judgment Creditor,
   DS HOLDINGS, LLC
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com