IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFFICE DEPOT, INC., | No. C 06-80356 SI |
| Plaintiff, | **ORDER DENYING APPLICATION FOR FINDINGS OF CONTEMPT** |
| v. | |
| JOHN ZUCCARINI, et al., | |
| Defendants. / | |
| DS HOLDINGS, LLC | |
| Assignee | |
| v. | |
| JOHN ZUCCARINI, et al., | |
| Defendants. / | |

DS Holdings' application for findings of contempt against judgment debtor John Zuccarini is set for hearing on September 15, 2010. The Court finds that, pursuant to Local Rule 7-1(b), this matter is appropriate for submission without oral argument and VACATES the September 15 hearing. Having carefully considered the papers submitted, the Court hereby DENIES the current application.

**BACKGROUND**

The basic factual and procedural background of this action has been discussed at length in numerous prior orders of this Court and need not be repeated here. The facts underlying the present motion are as follows. In connection with DS Holdings' and the United States' separately-filed motion to authorize auction of the domain names in the receiver's possession and distribution of the auction

proceeds, the receiver conducted research and consultation on domain name auction procedures and eventually selected the T.R.A.F.F.I.C. Domain Conference & Expo ("T.R.A.F.F.I.C."), to be held on October 19, 2010 in Miami, Florida in conjunction with Latona's Brokerage & Auction House ("Latona's"). Thereafter, on August 2, 2010, Zuccarini sent an email to the proprietors of T.R.A.F.F.I.C. and Latona's, stating as follows:

> It has come to my attention, that although there are two separate on-going legal disputes in the Federal Court system concerning my ownership of Domain Names, that Rick Latona through Latona's LLC, in consent and cooperation with Targeted Traffic Inc., represented by Howard Neu, and in consent and cooperation with Rick Schwartz, an organizer of T.R.A.F.F.I.C. Domain Conference & Expo[], is considering entering into an agreement to conduct an auction of particular Domain Names involved in these on-going Federal litigations.
>
> . . . . Although the crime of conversion, and conspiracy in connection with the Domain Names, which including the auctioning of fourteen Domain Names during the month of May 2010, has been brought up in both Courts, it appears there are entities still considering to, in my view, illegally/wrongfully auction the remaining number of Domain Names.
>
> For those who would become involved in further attempts to auction any of these particular Domain Names, it would be necessary for me to bring those parties, either into one of the on-going actions, or into a separate lawsuit as defendants, a draft copy of which I have attached.

Aug. 2, 2010 Letter, Kronenberger Decl. Ex. A. Zuccarini attached to the email a copy of a draft complaint, captioned "Zuccarini v. Latona's, LLC; Targeted Traffic Domains, Inc.; Rick Schwartz". *Id.* Two days later, Zuccarini sent another email to the same recipients, as well as to counsel for DS Holdings and the United States. The email was specifically addressed to Howard Neu, an attorney who is a co-owner of T.R.A.F.F.I.C. and who undertook some limited representation of Zuccarini in the underlying action brought by Office Depot. This email stated as follows:

> I am writing in reference to the proposed auction at the Traffic Conference in Miami for August 19, 20[10], and your representation of me as my attorney in the original Office Depot Case. . . . In consideration of these circumstances, I believe it to be extremely unethical, for you to conduct and if not illegal, also completely unethical, for you to financially benefit from any auction of the domain names for the Office Depot case.

Aug. 4, 2010 Letter, Kronenberger Decl. Ex. B. After receiving these emails, Neu and T.R.A.F.F.I.C. pulled out, and DS Holdings and the United States now plan to sell the domain names solely in conjunction with Latona's.

Now before the Court is DS Holdings' motion for a finding of contempt against Zuccarini.

## LEGAL STANDARD

Civil contempt sanctions are available against a party that has disobeyed "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A party seeking a finding of civil contempt against an opposing party must demonstrate "(1) that [the opposing party] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *Id.*

In contrast to criminal contempt sanctions, whose purpose is punitive, "Civil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *Falstaff Brewing Co. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) (citations omitted). Although a court may impose "either imprisonment or the payment of fines when holding a party in civil contempt," *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1250 (9th Cir. 2006), the court should choose "the minimum sanction necessary to obtain compliance," *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992).

## DISCUSSION

DS Holdings moves for a finding of contempt on the basis of Zuccarini's emails to the proprietors of T.R.A.F.F.I.C. and Latona's. DS Holdings requests a variety of contempt sanctions in its briefing, including "a conditional period of imprisonment," an order stating that the "Court [will] exercise exclusive jurisdiction over any dispute that may arise out of or relate to the Auction," and an order "prohibiting Mr. Zuccarini from further disrupting the activities of the Receiver." Mot. for Contempt at 5-6; Reply at 4.[1]

---

[1] Zuccarini contends that the Court lacks jurisdiction to find him in contempt because this is a *quasi in rem* action, and therefore the Court's jurisdiction is over the property rather than the parties. The Court believes that to the extent it may make orders with respect to the disposition of the domain names, it may also enforce those orders through appropriate means including a finding of contempt against a party. *See* Fed. R. Civ. P. 71 ("When an order . . . may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party."); *United States v. Crookshanks*, 441 F. Supp. 268, 270 (D. Or. 1977) ("[A] court can enjoin non-parties whose actions threaten to interfere with

As stated above, a party seeking a finding of contempt must show by clear and convincing evidence that another party has violated a court order. *In re Dual-Deck*, 10 F.3d at 695. DS Holdings asserts in a general fashion that Zuccarini interfered with the Court's order directing "the Receiver to develop and submit to the Court a plan by which the Domain Holdings would be sold at auction." Mot. for Contempt at 4. However, the only Court order identified in DS Holdings' motion is the June 15, 2010 order which stated that "[t]he receiver and the parties are free to agree on a procedure for auction of the approximately 116 domain names that remain in the receiver's control, subject to the Court's approval." (Docket No. 119). This did not constitute a "specific and definite court order," for which noncompliance may result in a finding of contempt. *In re Dual-Deck*, 10 F.3d at 695. DS Holdings has not shown that Zuccarini violated any specific directive of the Court.

It is plain, however, that Zuccarini's actions were designed to derail the auction process. Although Zuccarini is presently not in contempt of any specific Court order, the Court also will not condone future threatening or improper conduct. The Court has granted DS Holdings' and the United States' amended motion to authorize auction of the domain names. (Docket No. 169). Zuccarini is hereby admonished that if he attempts to interfere with the Court-approved auction process, the Court will be prepared to consider a renewed request for a finding of contempt and/or appropriate sanctions.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES the motion for finding of contempt. (Docket No. 149). The Court DENIES Zuccarini's request for contempt charges against the receiver and his request to strike DS Holdings' reply. (Docket Nos. 153, 166).

**IT IS SO ORDERED.**

Dated: September 13, 2010

SUSAN ILLSTON
United States District Judge

---

compliance with prior orders of the court."). The Court need not decide this question at this time because it finds that Zuccarini is not in contempt of any Court order.

4