**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Judgment Creditor DS HOLDINGS, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OFFICE DEPOT, INC.,** a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>　　　　Defendant.<br><br>**DS HOLDINGS, LLC,** a Colorado limited liability company,<br><br>　　　　Judgment Creditor,<br><br>　　vs.<br><br>**JOHN ZUCCARINI,** individually and d.b.a. COUNTRY WALK; and DOES 1 through 10, inclusive,<br><br>　　　　Judgment Debtor. | Case No. C-06-80356-SI<br><br>**JUDGMENT CREDITOR DS HOLDINGS, LLC'S SECOND APPLICATION FOR FINDING OF CONTEMPT AGAINST JUDGMENT DEBTOR JOHN ZUCCARINI**<br><br>DATE:　　TBD<br>TIME:　　TBD<br>CTRM:　　10, 19th Floor<br><br>The Honorable Susan Illston |

**INTRODUCTION**

Despite the Court's express admonishments, Judgment Debtor John Zuccarini has continued to threaten third parties in an effort to derail the auction of the domain holdings at issue in this action. Unless the Court finds Zuccarini in contempt and imposes an appropriate sanction to coerce Zuccarini into future compliance with the Court's order, Zuccarini will continue to frustrate the sale of the domain holdings.

**BACKGROUND**

Beginning in June 2010, the Receiver contacted auction houses to discuss the possibility of selling the domain holdings. The Receiver selected the auction occurring at the T.R.A.F.F.I.C. Domain Conference & Expo, in Miami, Florida, on October 19, 2010, to be held in conjunction with Latona's Brokerage & Auction House (the "Auction") as the most effective way to maximize the proceeds from the domain holdings. And on July 30, 2010 DS Holdings, the United States, and the Receiver submitted a motion asking the Court to approve the sale of the Domain Holdings at the Auction (the "Auction Motion").

Zuccarini opposed the Auction Motion. Additionally, Zuccarini contacted the proprietors of both the T.R.A.F.F.I.C. Domain Conference & Expo and Latona's Brokerage & Auction House and threatened them with legal action if they worked with the Receiver. Zuccarini's emails had the intended results. As a result of Zuccarini's threats, the T.R.A.F.F.I.C. Domain Conference refused to participate in the auction.

Thus, on September 3, 2010 DS Holdings amended its Auction Motion to remove the T.R.A.F.F.I.C. Domain Conference as the forum for the auction, and asked the Court to allow Latona's Brokerage to conduct the auction without the T.R.A.F.F.I.C. Domain Conference's involvement. On September 7, 2010 the Court granted in part and denied in part DS Holdings's amended Auction Motion, and allowed the auction of the domain holdings to go forward with Latona's Brokerage.

While the Auction Motion was pending, DS Holdings filed an application for contempt against Zuccarini based on Zuccarini's threats to third parties and his efforts

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

to derail the auction. On September 13, 2010 the Court denied the application but found:

> It is plain, however, that Zuccarini's actions were designed to derail the auction process. Although Zuccarini is presently not in contempt of any specific Court order, the Court also will not condone future threatening or improper conduct. The Court has granted DS Holdings' and the United States' amended motion to authorize auction of the domain names. (Docket No. 169). Zuccarini is hereby admonished that if he attempts to interfere with the Court-approved auction process, the Court will be prepared to consider a renewed request for a finding of contempt and/or appropriate sanctions.

Despite the above-referenced contempt proceedings, Zuccarini's threats have continued unabated. On September 8, 2010 Zuccarini threatened the owner of Latona's Brokerage with litigation if he participated in the auction. (Declaration of Karl S. Kronenberger in Support of Application for Contempt ¶2 & Ex. A.) Zuccarini told Latona that "if you decide to go ahead with the auction there is a very good chance you will be added to the existing suit in Florida." (*Id.*) And on September, 9, 2010 Zuccarini informed a domain name reporter that "he is planning on suing anyone who buys one of his domains at auction." (*Id.* ¶3 & Ex. B.)

## ARGUMENT

Civil contempt sanctions are available against a party that has disobeyed "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A party seeking a finding of civil contempt against an opposing party must demonstrate "(1) that [the opposing party] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *Id.* In contrast to criminal contempt sanctions, whose purpose is punitive, "[c]ivil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

noncompliance." *Falstaff Brewing Co. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) (citations omitted).

Zuccarini's continuing misconduct demonstrates that unless the Court finds Zuccarini in contempt and imposes some sort of coercive sanction he will continue to disrupt the auction process. At a minimum, the Court should require Zuccarini to seek leave of the Court and to post a $25,000 bond before filing any new lawsuits, in any jurisdiction, against the Receiver, Rick Latona, Latona's Brokerage & Auction House, or any other person with whom the Receiver contracts to implement the auction of the domain holdings. *See May v. Maass*, No. 05-11632, 2005 WL 2298296 (11th Cir. Sept. 22, 2005) (affirming a dismissal by the district court after vexatious plaintiff failed to comply with earlier court orders that required him to post a contempt bond before filing additional suits).

## CONCLUSION

For all the reasons set forth above, the Court should hold Zuccarini in contempt of the Court.

DATED: September 14, 2010    KRONENBERGER BURGOYNE, LLP

By: s/ Karl S. Kronenberger
Karl S. Kronenberger

Attorneys for Judgment Creditor,
DS HOLDINGS, LLC