John Mr. Zuccarini
190 SW Kanner Highway
Stuart, Florida 34997
(772) 631-3887

Pro Se Defendant

# UNITED STATES DISTRICT COURT

## NOTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| OFFICE DEPOT INC., a Delaware Corporation ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOHN Zuccarini, ) <br> ) <br> ) <br> Defendant. ) <br> _____ ) <br> ) <br> DS HOLDINGS, LLC a Colorado limited ) <br> liability company, ) <br> Plaintiff ) <br> vs. ) <br> ) <br> JOHN Zuccarini, ) <br> ) <br> ) <br> .                       Defendant ) <br> ) <br> _____ ) | Case No. C-06-80356-SI <br><br> 1. ZUCCARINI'S RESPONSE TO DS HOLDINGS 2ND APPLICATION FOR CONTEMPT AGAINST ZUCCARINI. <br><br> 2. MOTION FOR CONTEMPT AND SANCTIONS AGAINST DS HOLDINGS ATTORNEY KARL KRONENBERGER. <br><br> DATE:     TBD <br> TIME:     TBD <br> PLACE:   Courtroom 10, 19th Floor <br> The Honorable Susan Illston |

1

# INTRODUCTION

Incredibly and in complete violation of Federal Rules of Civil Procedure 11(b)(1)(2)(3)(4), Karl Kronenberger files in The Court a motion for contempt against Zuccarini under the exact same argument and circumstances as his first motion to find Zuccarini in contempt, which was disallowed by this Court in it's September 13, 2010 Order. Only this time Kronenberger somehow attempts to make the Court believe the clearly non contemptible events occurred after the Courts Order of September 13, 2010, while it is stunningly apparent they occurred on September 8th and 9th, before the Courts September 13th Order.

It's uncertain if Kronenberger's constant misleading and fraudulent actions before The Court, which go without reprimand, make him believe that no matter what he says, it will not be a problem, or whether he is just someone who is bad with calendars, in figuring out dates, of when things happen and didn't happen in relation to one another.

On page 2 of Kronenberger's motion, he cites text from the September 13, 2010 Order related to Zuccarini, then in the following paragraph states:

> Despite the above-referenced contempt proceedings, Zuccarini's threats have continued unabated. On September 8, 2010 Zuccarini threatened the owner of Latona's Brokerage with litigation if he participated in the auction. (Declaration of Karl S. Kronenberger in Support of Application for Contempt ¶2 & Ex. A.) Zuccarini told Latona that "if you decide to go ahead with the auction there is a very good chance you will be added to the existing suit in Florida." (Id.) And on September, 9, 2010 Zuccarini informed a domain name reporter that "he is planning on suing anyone who buys one of his domains at auction." (Id. ¶3 & Ex. B.)

Again, the only, but very significant problem for Kronenberger here is that these alleged contemptible events occurred, as even he states on September 8th and 9th of 2010, before the referenced September 13, 2010 Order.

2

**A.     The Court Has Already Addressed the Issues of Contempt that Kronenberger Raises and Has Found No Contempt Existed.**

Considering the possibility that Kronenberger may understand the calendar and how it works, the only other Order this new filing for contempt could be based, is the same June 15, 2010 Order the first motion for contempt filed on August 8, 2010 was alleged to have violated, stating;

> "[t]he receiver and the parties are free to agree on a procedure for auction of the approximately 116 domain names that remain in the receiver's control, subject to the Court's approval."

As The Court found against the first motion for contempt in its September 13, 2010 Order, based on June 15th Order. The Court must also find against this filing for contempt towards Zuccarini. From the Courts September 13, 2010 Order related to the alleged violation of the June 15, 2010 Order;

> This did not constitute a "specific and definite court order," for which noncompliance may result in a finding of contempt. In re Dual-Deck, 10 F.3d at 695. DS Holdings has not shown that Zuccarini violated any specific directive of the Court.

Kronenberger alleges in this new motion that on September 8, 2010 Zuccarini threatened Rick Latona in an email message by stating *"if you decide to go ahead with the auction there is a very good chance you will be added to the existing suit in Florida."* Zuccarini has inserted below the entire text of the September 8th email Zuccarini sent to Latona. Zuccarini believes anyone reading it will find it to be courteous and factual, without any so called "threatening tone."

> Rick,
>
> I understand you have agreed to auction the domain names in possession of blacksburg. I have to let you know that is indisputable that all the domain names were obtained by kronenberger and blacksburg by fraudulent means. To explain the fraudulent means, network solutions and enom, in violation of the my registrant agreement with both, gave the domain names away. There

3

was absolutely no court order directed to the registrars to transfer the domain names.

I have attached my response to VeriSign which clearly demonstrates that kronenberger and network solutions reached an agreement to transfer the domain names, for reasons that have not been explained and that there was no court order directed to the registrars. I am writing you to let you know that if you decide to go ahead with the auction there is a very good chance you will be added to the existing suit in Florida. By auctioning the names you will be auctioning fraudulently obtained items. I am asking you to get back me as soon as possible to let me know what your intentions are.

Thank you,

John Zuccarini

As Zuccarini has stated in his ***Request for an Emergency Hearing***, filed on September 14, 2010, Zuccarini sees such communication to Latona, as fair notice of an intent to file a lawsuit. To give Latona a chance to consider the facts as seen from another, and Zuccarini believes, correct point of view, and not at all as threatening.

Kronenberger also cites Zuccarini's statement of September 9th on the web site thedomains.com, that Zuccarini will sue anyone who buys a domain name at Latona's auction. Zuccarini also considers this fair warning covered by First Amendment Rights of Free Speech, in addition not a threatening statement.

If The Court wants to rule it unlawful for Zuccarini to state publicly or give fair notice that he will sue Latona or anyone who buys a domain name at Latona's auction, then let The Court do so.

**B.      Kronenberger's Call for Zuccarini to Post Bond and to Seek Leave to File is Baseless.**

Kronenberger again in an attempt to sustain his fraud upon The Court now hopes to stop Zuccarini from attaining justice through a baseless motion to require Zuccarini to post bond and seek leave to file any "new lawsuits." The phrase "new lawsuits" is interesting as, Zuccarini is yet

4

to file one lawsuit against any proposed auctioneer or buyer of any domain name.

Kronenberger sites *May v. Maass, No. 05-11632, 2005 WL 2298296 (11th Cir. Sept. 22, 2005)* as relative case law to substantiate his claims, yet the comparison is ludicrous. *May v. Maass*, is an unpublished decision that involves a well known pro se litigant, George May, who had filed numerous lawsuits that had been found to be without merit. Zuccarini as of this date has filed no lawsuits found to be without merit, From the Appeals Court *May v. Maass;*

> Numerous times May has commenced suits pro se, and on almost as many occasions, the judge has dismissed the case after determining it lacked merit. From 1991 to 2000, May filed at least forty suits in the United States District Court for the Southern District of Florida alone. May v. Shell Oil Comp., No. 00-2266-CIVJORDAN, 2000 WL 127694, at *1 (S.D. Fla. Aug. 31, 2000).

To Compare Zuccarini to George May and to attempt to label Zuccarini, as a vexatious plaintiff is as baseless and without merit as any claim can be. Florida even sets a legal standard upon which someone can be found to be a vexatious litigant, from *May v. Maass:*

> 1 Under Fla. Stat. Ann. § 68.093, a vexatious litigant is one who "in the immediately preceding 5-year period, has commenced, prosecuted, or maintained, pro se, five or more civil actions in any court in this state, . . .

Zuccarini asks The Court to justifiably disregard the uncalled for request to post bond and seek leave to file any lawsuits related to the domain names.

**C.     Claims of All Defendants in Florida Case Show the Validity of Zuccarini's Actions.**

The responses of all Defendants in *Zuccarini vs. NameJet, LLC et al, Case No. 10-CV-14178-KMM,* filed in the Southern District of Florida, show the validity of Zuccarini's litigation in the California Courts. Zuccarini's claims of the fraudulent transfer of the domain names to the receiver Blacksburg have been thoroughly substantiated by pleadings of the registrars, Network Solutions, LLC, and eNom, Inc., the registry VeriSign Inc, and NameJet, LLC. All defendants

5

have stated they believe The California District Court issued a direct order to all the registrars requiring the registrars to transfer Zuccarini's domain names to Blacksburg.

This is due for the most part to Blacksburgs representations to the registrars that the Order of November 14, 2007, ***"The Order Granting Receiver's Request To Lift Preservation Order"***, was direct Order from the California District Court requiring the registrars to transfer Zuccarini's domain names to Blacksburg. The following are all statements filed by the defendant's pleadings in Florida showing they all believed there was an Order from This Court requiring the registrars to transfer Zuccarini's domain names to the receiver Blacksburg.

Statement from eNom, Inc., Motion to Dismiss, August 3, 2010; page 2, ¶ 1.

> Defendant eNom, Inc. ("eNom") should be dismissed from this action for at least two reasons: First, there is no merit to any of the claims asserted against it because they arise solely from eNom's compliance with a court order requiring it to transfer the domain names at issue to a court-appointed receiver in satisfaction of a judgment against the plaintiff, John Zuccarini...

Statement from Network Solutions, LLC Motion to Dismiss, August 11, 2010; page 4, ¶ 4.

> On November 14, 2007, the California federal court entered an Order requiring NetworkSolutions and other domain name registrars to "transfer control of the Zuccarini domain names to" the receiver.

Statement from NameJet, LLC Motion to Dismiss, August 16, 2010; page 3, ¶ 3.

> On November 14, 2007, the United States District Court for the Northern District of California entered an Order requiring Network Solutions, LLC ("Network Solutions") and other domain name registrars to "transfer control of the Zuccarini domain names to" the receiver, Michael Blacksburg ("Blacksburg").

Statement from VeriSign Inc., Motion to Dismiss, August 20, 2010; page 5, ¶ 4.

> ...by order of the District Court in Office Depot, Inc., et al. v. Zuccarini, Case No. 3:06-mc-80356. The District Court in that case ordered that the registrars for the domain names, who are Defendants in this case, to transfer the domain names to a receiver appointed by the District Court.

6

The registrars have a dilemma though, while Kronenberger states the registrars agreed to transfer Zuccarini's domain names to the receiver after this Court ruled it could not order the registrars to do so, and after kronenberger engaged in talks with them, the registrars are all now distancing themselves from any such talks and have not acknowledged such conversations with Kronenberger took place.

Whatever the the reason though for Zuccarini's names being transferred, whether through mutual agreement or through believing there was a Court Order directing them to do so, either of these scenarios constitute a fraudulent transfer of Zuccarini's domain names.

It is obvious, from the statements of all Defendants in ***Zuccarini vs. NameJet, LLC et al, Case No. 10-CV-14178-KMM,*** that Zuccarini's domain names were transferred under false and fraudulent premises. In consideration of this, Zuccarini will continue his effort to make all parties aware of the fraudulent transfer of the domain names, and continue his litigation towards the fraudulent auction.

**MOTION FOR CONTEMPT AND SANCTIONS AGAINST KARL KRONENBERGER**

This Court must now act and find Kronenberger in Contempt and impose sanctions based on this thoroughly baseless and ridiculous motion of contempt against Zuccarini. Just one day after this Court has found against Kronenberger's first motion for contempt in it's September 13, 2010 Order, Kronenberger has submitted to this Court an identical motion under the same exact circumstances. Kronenberger has violated every article and their intentions under Federal Rules of Civil Procedure 11(b)(1)(2)(3)(4). This is an outright afront to The Court and it's Rulings, and action must be taken to prevent any more outrageous and frivolous filings.

The registrars have a dilemma though, while Kronenberger states the registrars agreed to transfer Zuccarini's domain names to the receiver after this Court ruled it could not order the registrars to do so, and after kronenberger engaged in talks with them, the registrars are all now distancing themselves from any such talks and have not acknowledged such conversations with Kronenberger took place.

Whatever the the reason though for Zuccarini's names being transferred, whether through mutual agreement or through believing there was a Court Order directing them to do so, either of these scenarios constitute a fraudulent transfer of Zuccarini's domain names.

It is obvious, from the statements of all Defendants in ***Zuccarini vs. NameJet, LLC et al, Case No. 10-CV-14178-KMM,*** that Zuccarini's domain names were transferred under false and fraudulent premises. In consideration of this, Zuccarini will continue his effort to make all parties aware of the fraudulent transfer of the domain names, and continue his litigation towards the fraudulent auction.

**MOTION FOR CONTEMPT AND SANCTIONS AGAINST KARL KRONENBERGER**

This Court must now act and find Kronenberger in Contempt and impose sanctions based on this thoroughly baseless and ridiculous motion of contempt against Zuccarini. Just one day after this Court has found against Kronenberger's first motion for contempt in it's September 13, 2010 Order, Kronenberger has submitted to this Court an identical motion under the same exact circumstances. Kronenberger has violated every article and their intentions under Federal Rules of Civil Procedure 11(b)(1)(2)(3)(4). This is an outright afront to The Court and it's Rulings, and action must be taken to prevent any more outrageous and frivolous filings.

## CONCLUSION

Based on Kronenberger's senseless and unfounded grounds for a motion of contempt against Zuccarini, The Court must find against this motion.

The Court must also find against Kronenberger's outrageous attempt to have The Court require Zuccarini post bond and seek leave to file any lawsuits towards the domain names as there is absolutely no justification to do so, and any such ruling would deny Zuccarini access to his First Amendment Rights to petition the government for a redress of grievances.

The Court should also find Kronenberger in Contempt of the The Court for knowingly filing against Zuccarini a completely groundless motion for contempt. The Court should impose sanctions and require Kronenberger to seek leave from The Court before filing any additional motions of contempt.

Respectfully submitted, this 16th day of September, 2010.

By: _____

JOHN ZUCCARINI, Pro Se
190 SW Kanner Highway
Stuart, FL  34997
(772) 631-3887

8