IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFFICE DEPOT, INC., | No. C 06-80356 SI |
| Plaintiff, | **ORDER RE: MOTIONS** |
| v. | **(Docs. 170, 173 175, 176, 185)** |
| JOHN ZUCCARINI, | |
| Zuccarini. / | |

On September 7, 2010, the Court filed an Order granting in part and denying in part judgment creditor DS Holdings' and intervener United States' amended motion to authorize the sale of domain names and distribute the proceeds ("Sale Order"). Doc. 169. On September 13, the Court filed an Order denying DS Holdings' application for findings of contempt against judgment debtor John Zuccarini ("Contempt Denial Order"). Doc. 172. Both in response and independently, DS Holdings and Zuccarini have filed a variety of motions, regarding which the Court rules as follows.

**I.      Doc. 170**

Zuccarini filed an amended motion to strike on September 9, 2010, doc. 170, requesting that the Court strike DS Holdings' court filing of August 30, 2010, doc. 159. Zuccarini makes a confusing argument that the document should be stricken because it was not responsive to the Court's August 25, 2010 Order. Doc. 158. The August 25 Order related to DS Holdings' and the United States' motion to authorize the sale of domain names and distribute the proceeds, and it requested that the they respond to a certain argument contained in one of Zuccarini's filings. The August 30, 2010 filing related to DS

Holdings' motion for a finding of contempt against Zuccarini. Zuccarini is correct that it was not responsive—but it was not purported to be responsive. It was completely unrelated. If the amended motion to strike was not mooted by the Contempt Denial Order, the Court would deny it on the merits.

Zuccarini's amended motion to strike is DENIED.

## II.     Doc. 173

On September 10, Zuccarini filed objections to the Court's Sale Order. Doc. 173. Also listed in the document heading were two motions. The first was a "motion to order DS Holdings to produce waiver of assignment rights by registrars for domain names owned by Zuccarini." The second was a "motion to rescind order of 9/07/2010." Inside of the document, Zuccarini makes arguments regarding the first motion listed in the heading, and regarding what he called his "motion to allow proper time to respond to amended auction proposal."

Zuccarini's objections and motions are, in effect, a motion for reconsideration. As such, the motions are improper because he failed to seek leave of this Court before filing them, as required by Civil Local Rule 7-9(a). Had Zuccarini sought leave of Court, the motions would have been denied because Zuccarini has not established any of the requirements of that rule:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*See* Civil Local Rule 7-9(b). The only argument that raises any new issues is Zuccarini's argument that he was not given sufficient time to respond to DS Holdings' and the United States' amended auction proposal. Zuccarini indicates that the original proposal had T.R.A.F.F.I.C. as auctioneer and that the amended proposal has Rick Latona as auctioneer. But Zuccarini does not object to Rick Latona being auctioneer, indicate what response he would have provided had he been given the opportunity, or otherwise explain how he was prejudiced by the purported error. Zuccarini's prior objection to T.R.A.F.F.I.C. was specific to a purported conflict of interest regarding that specific auction house. *See*

2

1 doc. 8. Therefore, the Court would deny Zuccarini's motions even they were properly filed as a motion
2 for reconsideration.

3     Accordingly, Zuccarini's motions are DENIED.

## III.    Doc. 175

On September 14, Zuccarini filed a document containing three motions: (1) "Motion to disallow auction of domain names and to return all domain names to Zuccarini based on transfer of domain names executed on expired, invalid writ of execution"; (2) "Motion to Court to clarify order of 9/13/2010 as to what actions the court considers to constitute threatening, improper conduct, and interfering with the action of domain names"; and (3) "Motion to deny DS Holdings distribution of revenues and to order receiver to distribute all rev[enu]es to the IRS based on fraudulent transfer of domain names by expired writ."

Like Zuccarini's motions in document 173, Zuccarini's first motion is, in effect, a motion for reconsideration of the Sale Order. It is based on his understanding of court proceedings that occurred in 2006 and 2007. These are not new facts, materially different facts, or previously presented arguments that the Court failed to consider. Zuccarini has failed to meet the requirements of Civil Local Rule 7-9(a), either by requesting leave to file a motion for reconsideration, or by establishing any of the requirements for such a motion to be granted.

Zuccarini's request for clarification of the Contempt Denial Order merits slightly more discussion. On September 13, the Court denied DS Holdings' application for findings of contempt against Zuccarini. Doc. 172. However, the Court noted that it would "not condone future threatening or improper conduct," and the Court admonished Zuccarini "that if he attempts to interfere with the Court-approved auction process, the Court will be prepared to consider a renewed request for a finding of contempt and/or appropriate sanctions." *Id.* Zuccarini is concerned that this order is unclear. Zuccarini now asks the Court "what specific actions The Court considers to constitute threatening,

improper conduct."[1] The Court does not need to clarify the order, as the order clarifies itself. Threatening and improper conduct, as contemplated by the order, is conduct whereby Zuccarini attempts to interfere with the Court-approved auction process. Moreover, the Court already indicated what type of actions are prohibited, as it specifically found that the activities that formed the basis of DS Holdings' motion were designed to derail the auction and then prohibited Zuccarini from engaging in actions designed to derail the auction.

Zuccarini's third motion is a motion to deny DS Holdings distribution of revenues. This motion is premature. The Court has already denied without prejudice DS Holdings' and the United States' motion to authorize distribution of the auction proceeds. The Court ordered DS Holdings and the United States to file a proposed distribution plan. If and when DS Holdings and the United States file their proposed distribution plan, the Court will then be in the position to consider any of Zuccarini's objections thereto.

Accordingly, Zuccarini's motions are DENIED.

## IV. Doc. 176

The next motion, a second application for a finding of contempt against Zuccarini, was filed by DS Holdings on September 14, 2010. DS Holdings requests that Zuccarini be found in contempt for a variety of acts undertaken before the Court's Contempt Denial Order. As explained in the Contempt Denial Order, a party seeking a finding of contempt must show by clear and convincing evidence that another party has violated a court order. *See* doc. 172; *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). The actions identified by DS Holdings in its second application were not undertaken in violation of any court order. Therefore, DS Holdings' motion is DENIED. (Doc. 176.)

However, the Court once against admonishes Zuccarini not to interfere with the Court-approved auction process. And the Court once again informs DS Holdings that, if Zuccarini does attempt to

---

[1] In a September 27 order, the Court requested that DS Holdings respond to Zuccarini's September 14 motions, and in particular provide guidance to the court as to whether the Contempt Denial Order should be clarified in any way, and if so, how. DS Holdings has chosen not to respond.

interfere in violation of a preexisting court order, the Court is prepared to consider a renewed request for a finding of contempt and/or appropriate sanctions.

**V.     Doc. 185**

The final pending motion before the Court in this case is Zuccarini's motion for contempt and sanctions against DS Holdings' attorney, filed September 28, 2010. Doc. 185. Zuccarini argues that by signing DS Holdings' second application for a finding of contempt, a motion that was sure to be denied, DS Holdings' attorney violated Federal Rule of Civil Procedure 11(b).

Civil Local Rule 7-8(a) requires that any request for sanctions be brought through a separately filed and noticed motion. *See also* Fed. R. Civ. P. 11(c)(2) (requiring motions for Rule 11 sanctions "be made separately from any other motion"). Zuccarini tacked his motion onto his brief opposing DS Holdings' second application for a finding of contempt. Therefore, it is improperly brought.

Even if it had been brought properly, the Court would deny the motion.

Although Zuccarini labels the motion as one for contempt and sanctions, he does not explain why a finding of contempt would be appropriate. As discussed above, a finding of contempt can only be made against a person who has violated a court order. Zuccarini does not argue that DS Holdings' attorney violated a court order.

Rather, the only argument Zuccarini makes is for Rule 11 sanctions. Under the Federal Rules of Civil Procedure, Rule 11 sanctions may be imposed against an attorney, law firm, or party when a pleading is filed for an improper purpose such as harassment or delay; when the claims, defenses or contentions are unwarranted under the either the existing law; or when the allegations or factual contentions are without evidentiary support and unlikely to have evidentiary support after further investigation and discovery. *See* Fed. R. Civ. P. 11(b)–(c). "A Rule 11 motion for sanctions must be served on opposing counsel twenty-one days before filing the motion with the court, providing the opposing counsel a safe harbor . . . to give the offending party the opportunity . . . to withdraw the offending pleading and thereby escape sanctions. *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009) (internal quotation marks omitted) (omissions in original); *see also* Fed. R. Civ. P. 11(c)(2). Failure to provide the required notice precludes an award of Rule 11 sanctions.

5

*Winterrowd*, 556 F.3d at 826. Here the motion was filed with the Court 14 days after DS Holdings' second application, meaning that the 21-day safe harbor requirement could not have been met.

Additionally, while the primary purpose of Rule 11 is to deter baseless court filings, this goal must be considered in light of the fact that, in an adversary system of litigation, the essence of the lawyer's task is to present issues of facts and law "as favorably as fairly possible" in support of the client's claim. *See United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001). Therefore, judges should "impose sanctions on lawyers for their mode of advocacy only in the most egregious situations, lest lawyers be deterred from vigorous representation of their clients." *See id.* (citing *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 341 (2d Cir. 1999)). Even if Zuccarini's motion for sanctions had met the more technical requirements of a Rule 11 motion, the Court would not exercise its discretion to grant sanctions.

Zuccarini's motion for contempt and sanctions is DENIED.

**VI. CONCLUSION**

For the foregoing reasons, the Court DENIES all of Zuccarini's and DS Holdings' motions contained in the above-discussed filings. (Docs. 170, 173, 175, 176, 185.)

**IT IS SO ORDERED.**

Dated: December 1, 2010

SUSAN ILLSTON
United States District Judge